UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
HENDRIK MUELLER, on Behalf of Himself  :  Civil Action No. 1:24-cv-06423-JHR
and All Others Similarly Situated,     :
                                       :  <u>CLASS ACTION</u>
                  Plaintiff,           :
                                       :  MEMORANDUM OF LAW IN SUPPORT
       vs.                             :  OF MOTION FOR APPOINTMENT AS
                                       :  LEAD PLAINTIFF AND APPROVAL OF
ENDAVA, PLC, JOHN COTTERELL, and       :  LEAD COUNSEL
MARK THURSTON,                         :
                                       :
                  Defendants.          :
                                       :
———————————————————— x

4865-0982-8338.v1

**TABLE OF CONTENTS**

<strong>Page</strong>

I.      INTRODUCTION ..................................................................................................................1

II.     FACTUAL BACKGROUND...............................................................................................1

III.    ARGUMENT.........................................................................................................................2

      A.      The Retirement Systems Should Be Appointed Lead Plaintiff ..............................2

            1.      The Retirement Systems' Motion Is Timely...............................................3

            2.      The Retirement Systems Have a Substantial Financial Interest in the Relief Sought by the Class..................................................................3

            3.      The Retirement Systems Are Typical and Adequate..................................3

      B.      The Court Should Approve the Retirement Systems' Selected Lead Counsel ....................................................................................................................5

IV.     CONCLUSION.....................................................................................................................8

4865-0982-8338.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.,*
    No. 1:09-cv-03701-JPO (S.D.N.Y.) ......................................................................................6

*Godinez v. Alere Inc.,*
    No. 1:16-cv-10766-PBS (D. Mass. June 6, 2019) ................................................................7

*HsingChing Hsu v. Puma Biotechnology, Inc.,*
    No. 8:15-cv-00865-AG (C.D. Cal.) .....................................................................................6

*In re Am. Realty Cap. Props., Inc. Litig.,*
    No. 1:15-mc-00040-AKH (S.D.N.Y.) ..................................................................................6

*In re Cardinal Health, Inc. Sec. Litig.,*
    No. 2:04-cv-00575-ALM (S.D. Ohio) ..................................................................................7

*In re CBL & Assocs. Props., Inc. Sec. Litig.,*
    No. 1:19-cv-00181-JRG-CHS (E.D. Tenn. Aug. 23, 2023) .................................................7

*In re Enron Corp. Sec. Litig.,*
    No. 4:01-cv-03624 (S.D. Tex.) .............................................................................................7

*In re eSpeed, Inc. Sec. Litig.,*
    232 F.R.D. 95 (S.D.N.Y. 2005) ...........................................................................................5

*In re HealthSouth Corp. Sec. Litig.,*
    No. 2:03-cv-01500-KOB-TMP (N.D. Ala.).........................................................................7

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.,*
    No. 1:01-cv-01451-REB-KLM (D. Colo.) ...........................................................................7

*In re SunEdison, Inc. Sec. Litig..,*
    1:16-md-02742-PKC, ECF 708 (S.D.N.Y. Feb. 25, 2020)..................................................7

*In re UnitedHealth Grp. Inc. Sec. Litig.,*
    No. 0:06-cv-01691-JMR-FLN (D. Minn.)............................................................................7

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.,*
    No. 1:02-cv-05893 (N.D. Ill.) ..............................................................................................7

*La. Mun. Police Emps.' Ret. Sys. v.*
    *Green Mountain Coffee Roasters, Inc.,*
    No. 2:11-cv-00289 (D. Vt.)....................................................................................................4

4865-0982-8338.v1

**Page**

*Malasky v. IAC/Interactivecorp*,
    2004 WL 2980085 (S.D.N.Y. Dec. 21, 2004) ........................................................5

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
    No. 1:08-cv-10783-LAP (S.D.N.Y.)........................................................6

*Roofers Local No. 149 Pension Fund v. Amgen Inc.*,
    2023 WL 4406286 (S.D.N.Y. July 7, 2023) ........................................................3, 4

*Utesch v. Lannett Co., Inc.*,
    2021 WL 3560949 (E.D. Pa. Aug. 12, 2021), *aff'd sub nom.*
    *Univ. of Puerto Rico Ret. Sys. v. Lannett Co.*,
    2023 WL 2985120 (3d Cir. Apr. 18, 2023) ........................................................4, 7

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
    §78j(b)........................................................7
    §78t(a)........................................................7
    §78u-4 ........................................................*passim*
    §78u-4(a)(1) ........................................................2
    §78u-4(a)(3)(A)(i) ........................................................2
    §78u-4(a)(3)(B)(i) ........................................................1, 2
    §78u-4(a)(3)(B)(ii)........................................................1
    §78u-4(a)(3)(B)(iii)........................................................1
    §78u-4(a)(3)(B)(iii)(I)........................................................3
    §78u-4(a)(3)(B)(iii)(I)(cc)........................................................3
    §78u-4(a)(3)(B)(v)........................................................1, 5

17 C.F.R.
    §240.10b-5 ........................................................1, 7

Federal Rules of Civil Procedure
    Rule 23 ........................................................3

## LEGISLATIVE HISTORY

H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679........................5

4865-0982-8338.v1

## I.    INTRODUCTION

The above-captioned case asserts claims against Endava plc ("Endava" or the "Company") and certain of Endava's top executives pursuant to the Securities Exchange Act of 1934 ("1934 Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, on behalf of a proposed class of all purchasers or acquirers of Endava securities between May 23, 2023, and February 28, 2024, inclusive (the "Class Period").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action.  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  City of Fort Lauderdale General Employees' Retirement System ("Fort Lauderdale") and Trust of the Retirement System of the UPR ("TRUST") (collectively, the "Retirement Systems") respectfully submit that they are the presumptively most adequate plaintiff in this case because they filed a timely motion in response to a notice, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Retirement Systems' selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Abraham, Fruchter & Twersky, LLP ("AF&T") as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Endava provides technology services for clients in consumer products, healthcare, mobility, and retail verticals. Endava American Depositary Shares ("ADSs") trade on the New York Stock Exchange under the ticker symbol DAVA.

4865-0982-8338.v1

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) demand for Endava's services was declining; (ii) Endava's clients delayed or cancelled projects; and (iii) as a result, Endava's fiscal 2023 and 2024 revenue and earnings would be adversely affected.

On February 29, 2024, Endava reported its financial results for the second quarter 2024, revealing quarterly revenue of £183.6 million, a decrease of 10.6% compared to the same period in the prior year, and full fiscal year 2024 expected revenue in the range of £722.0 million to £735.0 million. On this news, the price of Endava ADSs fell nearly 42%.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, the Retirement Systems and other putative class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Retirement Systems Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in private actions arising under the 1934 Act brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ,

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Retirement Systems meet these requirements and should be appointed Lead Plaintiff.

### 1.     The Retirement Systems' Motion Is Timely

On August 26, 2024, the statutory notice was published in this case, advising class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by October 25, 2024.  *See* Declaration of Samuel H. Rudman in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rudman Decl."), Ex. A.  Because the Retirement Systems' motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2.     The Retirement Systems Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Retirement Systems purchased 25,170 Endava securities and suffered approximately $689,106 in losses as a result of defendants' alleged violations of the 1934 Act.  *See* Rudman Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Retirement Systems satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.     The Retirement Systems Are Typical and Adequate

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this early stage of litigation, only typicality and adequacy are pertinent.  *See Roofers Local No. 149 Pension Fund v.*

- 3 -

*Amgen Inc.*, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023). "The typicality requirement is satisfied when the representative party's claims 'arise from the same course of events' as those of the rest of the class, and when that party 'makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "And the adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* (citation omitted).

Here, the Retirement Systems claims are typical of those of the class because – like all class members – they purchased Endava securities during the Class Period at artificially inflated prices and recognized substantial losses as a result of defendants' alleged misconduct. The Retirement Systems are also adequate because their interests in the action are aligned with the interests of the other members of the class, and they are incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing. Indeed, the TRUST was recently certified as a class representative in an analogous federal securities class action, over defendants' opposition, with the Third Circuit affirming that decision. *See Utesch v. Lannett Co., Inc.,* 2021 WL 3560949 (E.D. Pa. Aug. 12, 2021), *aff'd sub nom. Univ. of Puerto Rico Ret. Sys. v. Lannett Co.*, 2023 WL 2985120 (3d Cir. Apr. 18, 2023). Fort Lauderdale also has extensive experience serving as lead plaintiff in securities class actions. *See La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-00289 (D. Vt.) (Fort Lauderdale serving as part of a lead plaintiff group that recovered $36.5 million).

Further, as sophisticated institutional investors, the Retirement Systems are precisely the type of movants whose participation in securities class actions Congress sought to encourage through the

- 4 -

4865-0982-8338.v1

enactment of the PSLRA.  *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99-100 n.23 (S.D.N.Y. 2005) ("'The legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role.'") (citation omitted); *Malasky v. IAC/Interactivecorp*, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004) (discussing the PSLRA's preference for institutional investors); *see also* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  The Retirement Systems also executed a Joint Declaration setting forth their commitment to zealously and efficiently overseeing this action.  *See* Rudman Decl., Ex. D. Finally, as set forth in more detail below, the Retirement Systems have retained Robbins Geller and AF&T as lead counsel, law firms with extensive experience prosecuting securities class actions. Accordingly, the Retirement Systems readily satisfy the adequacy requirement.

Because the Retirement Systems filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**B.      The Court Should Approve the Retirement Systems' Selected Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Retirement Systems have selected Robbins Geller and AF&T to serve as lead counsel in this case.[1]

---

[1]     For a detailed description of Robbins Geller and AF&T's track record, resources, and attorneys, please see https://www.rgrdlaw.com and https://www.aftlaw.com.  An electronic or paper version of the Firms' resumes are available upon the Court's request, if preferred.

4865-0982-8338.v1

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job."); *see also Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701-JPO (S.D.N.Y.) ($388 million recovered as sole lead counsel).

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.),

- 6 -

where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Likewise, AF&T has the commitment and ability to serve as Lead Counsel because it has extensive experience and is highly competent in prosecuting similar actions. *See, e.g.*, *Utesch*, 2021 WL 3560949, at *4 (Holding, in a case brought pursuant to §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5, that: "Plaintiffs have established that [AF&T] is 'qualified, experienced, and generally able to conduct the proposed litigation.'") (citation omitted).   AF&T has successfully prosecuted numerous securities fraud class actions nationwide, including: *Godinez v. Alere Inc.*, No. 1:16-cv-10766-PBS, ECF 286 (D. Mass. June 6, 2019), in which AF&T achieved a $20 million settlement; *In re CBL & Assocs. Props., Inc. Sec. Litig.*, No. 1:19-cv-00181-JRG-CHS, ECF 229 (E.D. Tenn. Aug. 23, 2023), in which AF&T served as co-lead counsel in a case that settled for $17.5 million despite the issuer having declared bankruptcy; and *In re SunEdison, Inc. Sec. Litig.*., 1:16-md-02742-PKC, ECF 708 (S.D.N.Y. Feb. 25, 2020), in which AF&T acted as sole lead counsel in securing a $48.75 million settlement.

Based upon Robbins Geller and AF&T's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class

---

[2]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4865-0982-8338.v1

will receive the highest caliber of legal representation.  Accordingly, the Retirement Systems' selection of Robbins Geller and AF&T as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Retirement Systems have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Retirement Systems respectfully request that the Court grant their motion.

DATED:  October 25, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

4865-0982-8338.v1

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
ATARA HIRSCH
LAWRENCE D. LEVIT
MICHAEL J. KLEIN
450 Seventh Avenue, 38th Floor
New York, NY  10123
Telephone:  212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
ahirsch@aftlaw.com
llevit@aftlaw.com
mklein@aftlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4865-0982-8338.v1