**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HENDRIK MUELLER, on Behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:24-cv-06423-JHR |
| Plaintiff, | |
| vs. | |
| ENDAVA, PLC, JOHN COTTERELL, and MARK THURSTON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY
FULTON COUNTY EMPLOYEES' RETIREMENT SYSTEM FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT............................................................................................................................ 3

    I.    FCERS IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF .....................................................3

        A.    FCERS Filed a Timely Motion ......................................................................4

        B.    FCERS Has the Largest Financial Interest in the Relief Sought by the Class......................................................................................4

        C.    FCERS Satisfies Rule 23 ..............................................................................5

    II.    FCERS'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED ..............................................................................................................6

CONCLUSION......................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Constance Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................................................6

*In re Grupo Televisa Sec. Litig.*,
    No. 18 CIV. 1979 (LLS), 2021 WL 2000005 (S.D.N.Y. May 19, 2021)...................................5

*In re NYSE Specialists Sec. Litig.*,
    240 F.R.D. 128 (S.D.N.Y. 2007) ..............................................................................................3

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................................3, 5, 6

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................4

*Peters v. Jinkosolar Holding Co., Ltd.*,
    No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) .....................................4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...........................................................................................1, 6

*Taft v. Ackermans*,
    No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) .....................................6

*Topping v. Deloitte Touche Tohmatsu CPA*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015)..........................................................................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................................................................4, 6

**Statutes**

15 U.S.C. §78u-4(a)(1) ................................................................................................................3

15 U.S.C. §78u-4(a)(3)(A)(i) ......................................................................................................3, 4

15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I)..................................................................................3

15 U.S.C. §78u-4(a)(3)(B) ...........................................................................................................1

15 U.S.C. §78u-4(a)(3)(B)(i) .......................................................................................................1, 3

15 U.S.C. §78u-4(a)(3)(B)(iii) ......................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ................................................................1, 3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................5

15 U.S.C. §78u-4(a)(3)(B)(v) .......................................................................................6

PSLRA ...............................................................................................................1, 3, 4, 6

**Other Authorities**

17 C.F.R. §240.10b-5....................................................................................................1

Federal Rules of Civil Procedure Rule 23 .........................................................1, 3, 5, 6

Rule 10b-5.....................................................................................................................1

Lead Plaintiff movant Fulton County Employees' Retirement System ("FCERS" or "Movant"), on behalf of itself and all others similarly situated, respectfully submits this Memorandum of Law in support of its Motion to: (1) appoint FCERS as Lead Plaintiff of the above-captioned securities class action (the "Action"); (2) approve FCERS's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) grant such other and further relief as the Court may deem just and proper.[1]

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of persons and entities that purchased Endava, plc ("Endava" or the "Company") securities between May 23, 2023, and February 28, 2024, inclusive (the "Class Period"). The Action alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), provides that a court must appoint as lead plaintiff the "'most adequate plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i); *see, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).[2] FCERS is the most adequate Plaintiff because it timely moved to be Lead Plaintiff, has the largest financial interest in the litigation (nearly $564,000 in recoverable losses), and satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

---

[1]     Defined terms have the same definitions as in the complaint filed in this Action on August 26, 2024 (the "Complaint"). ECF No. 1. Unless otherwise noted, all "¶" and "¶¶" citations refer to the Complaint.

[2]     Unless otherwise indicated, citations are omitted and emphasis is added.

For the reasons summarized herein and discussed more fully below, FCERS's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

Plaintiff Hendrik Mueller ("Mueller") filed this securities class Action on August 26, 2024, against Endava and certain of its officers (the "Defendants"). ECF No. 1. Endava provides a combination of product and technology strategies, intelligent experiences, and engineering to help customers become digital, experience-driven businesses by assisting them from idea generation to development and deployment of products, platforms, and solutions. ¶10. Endava's American Depositary Shares ("ADS") trade on the NYSE under the symbol "DAVA." *Id.* This Action alleges Endava and the other Defendants made materially false and misleading statements and omissions during the Class Period. ¶3. Specifically, Mueller alleges that Defendants failed to disclose that: (1) demand for the Company's services was declining; (2) the Company's clients delayed or canceled projects; (3) as a result, the Company's fiscal 2023 and 2024 revenue and earnings would be adversely affected; and (4), as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶¶3, 21; *see also* ¶¶16-20.

On February 29, 2024, the market began to learn the truth about Endava's declining business when the Company issued a press release reporting its financial results for second quarter 2024. ¶22. Specifically, the press release revealed that, among other things, the Company's revenue had declined 10.6% year-over-year. ¶22. On this news, the price of the Company's ADS fell $26.65, or nearly 42%, to close at $37.17, on unusually high trading volume, severely harming investors. ¶23.

## ARGUMENT

**I.    FCERS IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *Id.* at (a)(3)(B).  First, the plaintiff who files the action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i).  Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 141 (S.D.N.Y. 2007) (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)).  Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process."  *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009).  First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44.  The Rule 23 element of the presumption necessitates only a "'preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'"  *Id.* at 344.  Second, so long as the presumption is not rebutted, the "most adequate plaintiff" shall be appointed the lead plaintiff.  *Id.*  As demonstrated below, FCERS meets these requirements and should be appointed to serve as Lead Plaintiff.

3

### A.    FCERS Filed a Timely Motion

On August 26, 2024, the same day this Action was filed, a notice of pendency of the Action was published on *Business Wire*, a national newswire service.  *See* Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support hereof, Ex. A.  The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met.  The Early Notice states that those wishing to serve as Lead Plaintiff are required to move for appointment "no later than October 25, 2024" (*i.e.*, within 60 days of publication of the Early Notice).  *See Id.*

FCERS's motion for appointment as Lead Plaintiff is therefore timely filed.  Moreover, FCERS has submitted a certification stating its willingness to serve as a representative party on behalf of the Class and provides its Class Period transactions.  *See* Laughlin Decl., Ex. B.

### B.    FCERS Has the Largest Financial Interest in the Relief Sought by the Class

To its knowledge, FCERS is the Lead Plaintiff movant with the largest financial interest in the relief sought by the Class.  "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . .; (3) the net funds expended during the class period . . .; and (4) the approximate losses suffered.'"  *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).  "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'"  *Id.*  (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by its PSLRA certification and the charts detailing its transactions and losses, FCERS purchased Endava securities during the Class Period and suffered losses as a result of Defendants' misconduct.  *See* Laughlin Decl., Exs. B & C.  Specifically, FCERS suffered losses of approximately $563,182.  Laughlin Decl., Ex. C.  As to the other factors courts look to, FCERS

4

purchased 25,828 total shares of Endava during the Class Period, retained 24,185 shares as of the end of the Class Period, and expended $1,470,732.79 on its purchases of Endava ADS during the Class Period. *Id.*

FCERS thus has a significant financial interest in this case.  Moreover, FCERS is unaware of any other movant that has sustained greater financial losses in connection with their Endava transactions during the Class Period.  Therefore, FCERS has the "largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C.    FCERS Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.* at (B)(iii)(I)(cc).  Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "'preliminary.'"  *Tronox*, 262 F.R.D. at 344. FCERS easily makes this preliminary showing.

"Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *In re Grupo Televisa Sec. Litig.*, No. 18 CIV. 1979 (LLS), 2021 WL 2000005, at *2 (S.D.N.Y. May 19, 2021). Here, the claims asserted by FCERS are typical of the claims of the putative Class because, like all other Class members, it: (a) purchased shares of Endava securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements and omissions; and (c) suffered damages as a result thereof.  Since FCERS's claims are based on the same legal

theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied. *See similarly Varghese*, 589 F. Supp. 2d at 397; *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. FCERS is "adequate" to serve as Class representative in the instant litigation because its interests are aligned with the interests of the putative Class. FCERS, like all other members of the Class, suffered losses as a result of purchasing Endava securities at prices that were artificially inflated due to Defendants' alleged misstatements. FCERS will, therefore, benefit from the same relief as other Class members. Finally, FCERS has demonstrated that it is an adequate representative by retaining competent and experienced counsel. *See LaBranche*, 229 F.R.D. at 413 (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same). As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, FCERS has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

## II.    FCERS'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id*. at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

FCERS has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions, possesses the necessary resources to efficiently conduct this litigation, and will vigorously prosecute this case on behalf of FCERS and the putative Class.[3] *See* Laughlin Decl., Ex. D (Scott+Scott firm résumé). Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts.[4] *See also* Laughlin Decl., Ex. D. In light of the foregoing, the Court should approve FCERS's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving FCERS's choice of Lead Counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, FCERS respectfully requests that the Court: (1) appoint FCERS as Lead Plaintiff on behalf of the Class; (2) approve FCERS's selection of counsel,

---

[3]     Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *Irvine v. ImClone Sys.*, *Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Oklahoma Firefighters Pension and Retirement System v. Newell Brands Inc.,* HUD-L-003492-1 (Sup. Ct. NJ) ($102,500,000);*In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

[4]     *See, e.g.*, Current Lead Counsel Appointments: *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Peterson v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 4:21-cv-05868 (N.D. Cal.).

Scott+Scott, as Lead Counsel; and (3) grant such other and further relief as the Court may deem

just and proper.

DATED:  October 25, 2024                          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (NY 4471975)
Matthew A. Peller (NY 4513412)
Nicholas S. Bruno (NY 5953245)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
mpeller@scott-scott.com
nbruno@scott-scott.com

*Counsel for Lead Plaintiff Movant Fulton County Employees' Retirement System and Proposed Lead Counsel for the Class*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

9