UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

HENDRIK MUELLER, on Behalf of Himself : Civil Action No. 1:24-cv-06423-JHR
and All Others Similarly Situated,   :
                                     : CLASS ACTION
            Plaintiff,               :
                                     :
                                     : THE RETIREMENT SYSTEMS'
    vs.                              : MEMORANDUM OF LAW IN
                                     : OPPOSITION TO COMPETING LEAD
ENDAVA, PLC, JOHN COTTERELL, and     : PLAINTIFF MOTIONS
MARK THURSTON,                       :
                                     :
            Defendants.              :
                                     :
—————————————————————— x

4853-4913-4583.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................................1

II.   ARGUMENT ........................................................................................................................2

      A.    The Retirement Systems Have the Largest Financial Interest .................................3

      B.    The Retirement Systems Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption.............................................................4

      C.    The Presumption in Favor of Appointing the Retirement Systems as Lead Plaintiff Cannot Be Rebutted ..................................................................................7

III.   CONCLUSION.....................................................................................................................7

4853-4913-4583.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*,
  2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007)..............................................................................6

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
  2021 WL 396343 (S.D.N.Y. Feb. 4, 2021)...................................................................................4

*Cook v. Allergn PLC*,
  2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) .............................................................................4

*Goldenberg v. NeoGenomics, Inc.*,
  2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) ................................................................................3

*Hansen v. Ferrellgas Partners, L.P.*,
  2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ................................................................................5

*Hom v. Vale, S.A.*,
  2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ..............................................................................3, 4

*Husson v. Garrett Motion Inc.*,
  2021 WL 211541 (S.D.N.Y. Jan. 21, 2021) ...........................................................................3, 4, 5

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
  258 F.R.D. 260 (S.D.N.Y. 2009) ................................................................................................6

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)........................................................................................................5

*In re USA Techs., Inc. Sec. Litig.*,
  No. 2:19-cv-04565-JHS (E.D. Pa.) .............................................................................................6

*Richman v. Goldman Sachs Grp., Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) ................................................................................................3

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
  2023 WL 3750115 (S.D.N.Y. June 1, 2023) ..............................................................................5

*Shenk v. Mallinckrodt plc*,
  No. 1:17-cv-00145-EGS (D.D.C. Mar. 27, 2017) ......................................................................7

*Smilovits v. First Solar Inc.*,
  No. 2:12-cv-00555-DGC (D. Ariz. May 15, 2012) .....................................................................7

4853-4913-4583.v1

**Page**

*State of Alaska v. Ryder Sys., Inc.*,
  No. 1:20-cv-22109-JB (S.D. Fla.) ...................................................................................6

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
  §78u-4(a)(3)(B)(iii)(I) ...............................................................................................1, 2
  §78u-4(a)(3)(B)(iii)(II) ..................................................................................................7
  §78u-4(a)(B)(iii)(II) .......................................................................................................2

Federal Rules of Civil Procedure
  Rule 23 ............................................................................................................... *passim*

4853-4913-4583.v1

## I.      INTRODUCTION

Two competing motions were filed by putative class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) City of Fort Lauderdale General Employees' Retirement System and Trust of the Retirement System of the UPR (the "Retirement Systems"); and (2) Fulton County Employees' Retirement System ("FCERS"). *See* ECF 15, 17. The PSLRA's statutory framework provides a strong presumption that the "most adequate plaintiff" in a securities class action is the "person or group of persons" with the largest financial interest in the relief sought by the class that also meets the Rule 23 adequacy and typicality requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Based on information contained in the lead plaintiff movants' submissions, the Retirement Systems are the "most adequate plaintiff."



In addition to possessing the largest financial interest in the relief sought by the class, the Retirement Systems unquestionably satisfy Rule 23's requirements. *See* ECF 16 at 3-5; ECF 18-4. Because the Retirement Systems have the largest financial interest of any movant and are a group of

- 1 -

4853-4913-4583.v1

two public pension funds who are committed to achieving the best possible outcome for the class, the Retirement Systems respectfully request that the Court appoint them Lead Plaintiff.

By contrast, FCERS does not satisfy the PSLRA's requirements because it did not suffer the largest loss, nor can it rebut the presumption in the Retirement Systems' favor.  Accordingly, because FCERS cannot trigger the presumption and cannot rebut it, the Retirement Systems are entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and their choice of Lead Counsel should be approved.  FCERS's motion should be denied.

## II.    ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(B)(iii)(II).

As demonstrated herein, the Retirement Systems are the presumptively "most adequate plaintiff" because they are the movant with the largest financial interest that also satisfies the Rule 23 requirements.

4853-4913-4583.v1

### A.    The Retirement Systems Have the Largest Financial Interest

"[T]he PSLRA does not indicate how to calculate which plaintiff has the 'largest financial interest.'"  *Husson v. Garrett Motion Inc.*, 2021 WL 211541, at *2 (S.D.N.Y. Jan. 21, 2021) (Cronan, J.).[1]  "In order to make this calculation, many courts in this District look to the factors that make up the so-called *Olsten-Lax Test*: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered.'"  *Id.*; *Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *3 (S.D.N.Y. Oct. 2, 2023) (Rearden, J.).  "Many courts place 'the most emphasis on the last of the four factors.'"  *Husson*, 2021 WL 211541 at *2; *see Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) (Crotty, J.) ("[A] trend seems to be emerging that the *Lax* factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.").  "To calculate approximate losses, courts 'typically employ one of two methodologies: First-In-First-Out ("FIFO") or Last-In-First-Out ("LIFO").'"  *Hom v. Vale, S.A.*, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) (Woods, J.).

Under the *Lax-Olsten* test, including its three most important factors (net shares purchased, net funds expended, and loss), the Retirement Systems clearly suffered the greatest financial interest in the relief sought by the class:

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSS SUFFERED (LIFO) | LOSS SUFFERED (FIFO) |
|---|---|---|---|---|---|
| Retirement Systems | 25,170 | **25,170** | **$1,529,256.53** | **$689,106.29** | **$689,106.29** |
| FCERS | **25,828** | 24,185 | $1,385,683.43 | $578,411.53 | $578,411.53 |

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

4853-4913-4583.v1

While FCERS alludes to "recoverable losses" in its opening brief (ECF 17 at 1), the Court need not decide whether it is proper to conduct such an analysis at the lead plaintiff stage because the Retirement Systems' recoverable losses are larger than FCERS' recoverable losses:[2]

| MOVANT | LOSS SUFFERED (*Dura* w/ LIFO Matching) | LOSS SUFFERED (*Dura* w/ FIFO Matching) |
|---|---|---|
| Retirement Systems | **$689,106.29** | **$689,106.29** |
| FCERS | $571,888.82 | $569,030.00 |

In sum, regardless of the method employed, the Retirement Systems possess the largest financial interest.  Pursuant to the PSLRA's sequential process, "'[o]nce the court "identifies the plaintiff with the largest stake in the litigation, [*i.e.*, the Retirement Systems] further inquiry must focus on ***that plaintiff*** alone and be limited to determining whether [they] satisf[y] the other statutory requirements."'"  *Hom*, 2016 WL 880201, at *6.

### B.    The Retirement Systems Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption

As the court has noted, one need only make a '"preliminary showing"' at this stage that Rule 23's typicality and adequacy requirements have been satisfied.  *Husson*, 2021 WL 211541, at *3.  The Retirement Systems satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.  *See* ECF 16 at 3-5; ECF 18-4.

---

[2]    As background, some courts in this District adjust movants' loss calculations to determine "recoverable losses" by removing any losses arising from securities that were bought and sold before the corrective disclosure of the alleged fraud, while other courts do not.  *Compare, e.g.*, *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021) (Liman, J.) ("following the Supreme Court's decision in *Dura* . . . , courts in this district ordinarily will not include losses that occurred prior to the first corrective disclosure of the alleged fraudulent misrepresentation made by the defendant") *with Cook v. Allergn PLC*, 2019 WL 1510894, at *3 (S.D.N.Y. Mar. 21, 2019) (McMahon, J.) (declining to adjust movants' losses, finding that "the appropriateness of employing *Dura* analysis at the lead plaintiff stage is subject to considerable dispute").

4853-4913-4583.v1

The Retirement Systems meet Rule 23's typicality requirement because their claims "'arise[] from the same course of events'" as the claims of all other class members and involve "'similar legal arguments to prove the defendant's liability,'" namely, they: (1) purchased Endava, plc securities during the Class Period; (2) purchased Endava securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *Husson*, 2021 WL 211541, at \*3. Likewise, the Retirement Systems meet Rule 23's adequacy requirement because their interests are clearly aligned with the interests of the other members of the class. Indeed, the Retirement Systems – as sophisticated institutional investors with experience successfully serving as lead plaintiff – are the preferred lead plaintiff candidate pursuant to the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). And while the PSLRA does ***not*** "impose on a group seeking lead plaintiff appointment any greater showing with respect to its financial interest by virtue of its status as a group," the Retirement Systems submitted a Joint Declaration evidencing their ability and willingness to jointly carry out the duties and responsibilities of lead plaintiff. *See San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at \*3 (S.D.N.Y. June 1, 2023) (Cronan, J.); ECF 18-4.[3]

The Joint Declaration confirms that the Retirement Systems' collaboration in this litigation follows from their roles as fiduciaries charged with collectively managing over \$2.1 billion in

---

[3]  *See also Hansen v. Ferrellgas Partners, L.P.*, 2017 WL 281742, at \*3 n.4 (S.D.N.Y. Jan. 19, 2017) (Sullivan, J.) ("Accordingly, to the extent decisions in this District suggest that the PSLRA requires a greater showing from a group with the largest financial interest, . . . the Court respectfully disagrees that the statute imposes such a rule."

4853-4913-4583.v1

retirement assets for public employees affiliated with the City of Fort Lauderdale and the University of Puerto Rico. *See* ECF 18-4 at ¶¶2-3. The Retirement Systems' decision to seek lead plaintiff status with one another in this case was informed by their previous positive experiences serving as representative parties as part of small groups in securities class actions, which enabled them to combine resources and experience with other like-minded investors and to provide broad representation to the class. *Id.* at ¶6; *see also State of Alaska v. Ryder Sys., Inc.*, No. 1:20-cv-22109-JB (S.D. Fla.) ($45 million settlement in which City of Fort Lauderdale General Employees' Retirement System served as lead plaintiff alongside two other institutional investors); *In re USA Techs., Inc. Sec. Litig.*, No. 2:19-cv-04565-JHS (E.D. Pa.) ($15.3 million securities class action settlement in which the Trust of the Retirement System of the UPR served as a named plaintiff alongside two other investors). Before filing their lead plaintiff motion, the Retirement Systems "communicated regarding the merits of this action, the status of the proceedings, the responsibilities of a lead plaintiff appointed pursuant to the PSLRA, the Retirement Systems' ability to work together and to collaboratively assume the role of lead plaintiff, and efforts to promote effective communication in the future." *See* ECF 18-4 at ¶7. Simply put, "[t]hese pension systems have vast assets, apparent investment sophistication, experience in some prior and current class-action lawsuits, and an administrative structure under which they fulfill their fiduciary obligations to their members by choosing counsel to represent them and then maintaining oversight over those attorneys." *City of Brockton Ret. Sys. v. The Shaw Grp., Inc.*, 2007 WL 2845125, at *4 (S.D.N.Y. Sept. 26, 2007) (Dohlinger, J.); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (Chin, J.) ("cooperation among plaintiffs, particularly plaintiffs that are

4853-4913-4583.v1

sophisticated institutional investors" demonstrates the group's ability to oversee counsel). Thus, the Retirement Systems have triggered the PSLRA's "most adequate plaintiff" presumption.[4]

### C. The Presumption in Favor of Appointing the Retirement Systems as Lead Plaintiff Cannot Be Rebutted

To rebut the strong presumption in favor of appointing the Retirement Systems as lead plaintiff, the PSLRA requires "proof" that the Retirement Systems "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Here, the competing movant cannot offer any such proof. Accordingly, the Court should grant the Retirement Systems' lead plaintiff motion and deny the competing motion.

## III. CONCLUSION

It is axiomatic that the investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the PSLRA's most adequate plaintiff presumption. The competing movant does not possess the largest financial interest and, therefore, cannot trigger the

---

[4]     Competing movant FCERS has on multiple occasions acknowledged the wisdom and benefits to class members of groups of two or three institutional investors being appointed as lead plaintiff. *See Shenk v. Mallinckrodt plc*, No. 1:17-cv-00145-EGS, ECF 20 at 12 (D.D.C. Mar. 27, 2017) (FCERS acknowledging that "a sophisticated group of institutional investors with a substantial interest in the litigation" is the "very sort of Lead Plaintiff envisioned by Congress in their enactment of the PSLRA"); *Smilovits v. First Solar Inc.*, No. 2:12-cv-00555-DGC, ECF 21 at 8 (D. Ariz. May 15, 2012) (FCERS acknowledging that "[a]s [two] experienced institutional investors charged with managing tens of millions of dollars of retirement savings, they each share a mutual interest in both deterring fraud in the capital markets in which they invest, and in directing the vigorous prosecution of this particular class action to obtain the largest recovery possible for [defendant corporation's] defrauded investors.").

4853-4913-4583.v1

presumption.  Accordingly, the Retirement Systems respectfully submit that their motion (ECF 15)

should be granted, and FCERS's competing motion (ECF 17) should be denied.

DATED:  November 8, 2024                         Respectfully submitted,

                                                ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                                SAMUEL H. RUDMAN
                                                DAVID A. ROSENFELD


                                                _____*s/ Samuel H. Rudman*_____
                                                      SAMUEL H. RUDMAN

                                                58 South Service Road, Suite 200
                                                Melville, NY  11747
                                                Telephone:  631/367-7100
                                                srudman@rgrdlaw.com
                                                drosenfeld@rgrdlaw.com


                                                ABRAHAM, FRUCHTER & TWERSKY, LLP
                                                MITCHELL M.Z. TWERSKY
                                                ATARA HIRSCH
                                                450 Seventh Avenue, 38th Floor
                                                New York, NY  10123
                                                Telephone:  212/279-5050
                                                212/279-3655 (fax)
                                                mtwersky@aftlaw.com
                                                ahirsch@aftlaw.com

                                                Proposed Lead Counsel for Proposed Lead Plaintiff

4853-4913-4583.v1