UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

HENDRIK MUELLER, on Behalf of Himself  :   Civil Action No. 1:24-cv-06423-JHR
and All Others Similarly Situated,          :
                                            :   CLASS ACTION
                      Plaintiff,            :
                                            :   REPLY IN FURTHER SUPPORT OF THE
          vs.                               :   RETIREMENT SYSTEMS' MOTION FOR
                                            :   APPOINTMENT AS LEAD PLAINTIFF
ENDAVA, PLC, JOHN COTTERELL, and            :
MARK THURSTON,                              :
                                            :
                      Defendants.           :
                                            :
————————————————————————— x

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT..........................................................................................................1

      A.   FCERS' Opposition to the Retirement Systems' Motion Contradicts Its
           Own Lead Plaintiff Applications as Part of a Group of Investors ...........................2

      B.   UPR's Omission of Two Cases From Its PSLRA Certification Does Not
           Rebut the Presumption.....................................................................................7

      C.   UPR's Ability to Satisfy Rule 23 Is a Matter of Settled Law .................................8

III.  CONCLUSION......................................................................................................9

4881-7275-9290.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP,*
2020 WL 815136 (E.D. Pa. Feb. 19, 2020) ........................................................6, 7

*Baron v. Talkspace, Inc.,*
2022 WL 1912255 (S.D.N.Y. June 3, 2022) ...........................................................8

*Baxter* v. *MongoDB, Inc.,*
2024 WL 4753605 (S.D.N.Y. Nov. 12, 2024)......................................................2, 4

*Bd. of Trustees of the City of Fort Lauderdale Gen. Emps.'Ret. Sys.* v. *Mechel OAO,*
No. 1:09-cv-03617-RJS (S.D.N.Y.) ........................................................................5

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) .....................................................................4

*China Agritech, Inc. v. Resh,*
584 U.S. 732 (2018)................................................................................................3

*Cushman v. Fortress Biotech, Inc.,*
2021 WL 1526172 (E.D.N.Y. Apr. 19, 2021) .........................................................7

*Dobina v. Weatherford Int'l Ltd.,*
No. 1:11-cv-01646-LAK-JCF (S.D.N.Y.) ...............................................................3

*Doherty v. Pivotal Software, Inc.,*
2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ..........................................................6

*Gross v. AT&T Inc.,*
2019 WL 7759222 (S.D.N.Y. June 24, 2019) .........................................................6

*Hartel v. SelectQuote, Inc.,*
2022 WL 4057445 (S.D.N.Y. Sept. 2, 2022) ..........................................................7

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,*
2013 WL 1558686 (S.D.N.Y. Apr. 11, 2013) ..........................................................4

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,*
258 F.R.D. 260 (S.D.N.Y. 2009) .............................................................................3

*In re Cendant Corp. Litig.,*
264 F.3d 201 (3d Cir. 2001)....................................................................................4

- ii -

**Page**

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................................................7

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
    2016 WL 11575090 (D.N.J. June 28, 2016) ...............................................................................4

*In re Paysafe Ltd. Sec. Litig.*,
    2024 WL 1636415 (S.D.N.Y. Apr. 16, 2024) ............................................................................6

*In re Sequans Commc'ns S.A. Sec. Litig.*,
    289 F. Supp. 3d 416 (E.D.N.Y. 2018) .......................................................................................7

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
    535 F. Supp. 2d 249 (D.N.H, Dec. 19, 2007) ...........................................................................4

*Kanefsky v. Honeywell Int'l Inc.*,
    2020 WL 2520669 (D.N.J. May 18, 2020) ................................................................................5

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015) .......................................................................................7

*Lian v. Tuya Inc.*,
    2022 WL 17850134 (S.D.N.Y. Dec. 22, 2022) .........................................................................6

*Maeshiro v. Yatsen Holding Ltd.*,
    2023 WL 4684106 (S.D.N.Y. July 21, 2023) ...........................................................................8

*Mustafin v. GreenSky, Inc.*,
    2019 WL 1428594 (S.D.N.Y. 2019) .........................................................................................5

*Omdahl v. Farfetch Ltd.*,
    2020 WL 3072291 (S.D.N.Y. 2020) .........................................................................................5

*Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent
    Biosolutions Inc.*,
    2021 WL 6072812 (D. Md. Dec. 23, 2021)...............................................................................5

*Police and Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*,
    2007 WL 7952453 (S.D.N.Y. 2007) .........................................................................................5

*Porter v. Graftech Int'l Ltd.*,
    2024 WL 2189642 (N.D. Ohio May 15, 2024)......................................................................5, 9

- iii -

**Page**

*Reimer v. Ambac Fin. Grp., Inc.*,
　2008 WL 2073931 (S.D.N.Y. May 9, 2008) ........................................................3, 5

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
　2023 WL 3750115 (S.D.N.Y. June 1, 2023) ........................................................4, 6

*Silverberg v. DryShips Inc.*,
　2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018)........................................................8

*Smilovits v. First Solar Inc.*,
　No. 2:12-cv-00555-DGC (D. Ariz.)........................................................3

*The Constance Sczesny Tr. v. KPMG LLP*,
　223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................2

*Utesch v. Lannett Co., Inc.*,
　2021 WL 3560949 (E.D. Pa. Aug. 12, 2021) ........................................................9

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
　§78u-4(a)(3)(B)(iii)(I)........................................................1, 2
　§78u-4(a)(3)(B)(iii)(II) ........................................................1, 2
　§78u-4(a)(3)(B)(vi)........................................................7

Federal Rule of Civil Procedure
　Rule 23 ........................................................1, 7, 8
　Rule 23(a)........................................................9
　Rule 23(a)(4)........................................................9

4881-7275-9290.v1

## I.    INTRODUCTION

Unable to dispute that the Retirement Systems have the largest financial interest, FCERS attempts to manufacture reasons why the Retirement Systems are an impermissible group.  Even assuming FCERS' position was factually or legally sound (and, as articulated below, it is not), its arguments ring hollow.  Indeed, FCERS now decries precisely the same sort of small institutional investor lead plaintiff groups it has been a member of in this same court.  FCERS' speculation about the Retirement Systems' cohesion falls far short of the exacting "proof" the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires to rebut the presumption that the Retirement Systems are the most adequate plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  The Retirement Systems have evidenced their substantial financial interest and intent to prosecute this Action vigorously.  As discussed below, the Retirement Systems have the largest financial interest, are a permissible group, and are not subject to any conflicts of interest or unique defenses.  As such, the Retirement Systems should be appointed as Lead Plaintiff in this Action.

## II.    ARGUMENT

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The statute's text explicitly instructs that a group may be afforded the presumption of lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  FCERS concedes that the Retirement Systems have the combined largest financial interest of all movants.  *See* ECF 25 at 4.  The Retirement Systems – a group of just two sophisticated institutional investors that oversee billions of dollars in assets and have extensive experience leading classes of investors in securities class actions – have also made a *prima facie* showing that they satisfy Rule 23's adequacy and typicality requirements.  *See* ECF 16 at 3-5;

4881-7275-9290.v1

ECF 18-4.  As discussed below, the Retirement Systems indisputably constitute a permissible group

under the PSLRA and are the presumptive lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Pursuant to the PSLRA, the Retirement Systems' presumptive status can be rebutted "only

upon proof by a member of the purported plaintiff class that the "presumptively most adequate

plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is

subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  "Courts in this Circuit have required '***exacting proof***' to

disqualify the presumptive lead plaintiff."  *Baxter* v. *MongoDB, Inc.*, 2024 WL 4753605, at *7

(S.D.N.Y. Nov. 12, 2024) (Woods, J.) (appointing group of two institutional investors).[1]  Indeed,

"opposing movants must offer more than 'mere speculation' to rebut the presumption of adequacy."

*Id*.[2]  FCERS offers no such proof.

### A.    FCERS' Opposition to the Retirement Systems' Motion Contradicts Its Own Lead Plaintiff Applications as Part of a Group of Investors

Recognizing that it does not possess the largest financial interest, FCERS attempts to rebut

the Retirement Systems' presumptive lead plaintiff status by claiming that their decision to jointly

prosecute this case is somehow improper.  The frailty of its argument is not only betrayed by the

decades of jurisprudence that FCERS asks the Court to overlook, but also by FCERS' own efforts to

serve as a member of a lead plaintiff group, not just once or twice, but on multiple occasions.

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    *See also The Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptively most adequate plaintiff] would be uniquely subject.").

4881-7275-9290.v1

FCERS' Membership In Lead Plaintiff Movant Groups

| Case | Name of Group | Other Group Members | Group Attributes |
|---|---|---|---|
| *Dobina v. Weatherford Int'l Ltd.*, No. 1:11-cv-01646-LAK-JCF (S.D.N.Y.) | The Public Retirement Systems | City of Grand Rapids General Retirement Systems, City of Grand Rapids Police & Fire Retirement System, Fort Worth Employees' Retirement System | (1) Unrelated funds with no pre-existing relationship; and (2) No evidence of pre-motion communications between group members. |
| *Smilovits v. First Solar Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) | The Retirement Funds Group | City of Bristol Pension Fund | (1) Unrelated funds with no pre-existing relationship; (2) No evidence of pre-motion communications between group members; and (3) Joint declaration substantively identical to *Weatherford*. |
| *Shenk v. Mallinckrodt plc*, No. 1:17-cv-00145-EGS, (D.D.C.) | The Institutional Investors | Iron Workers Local 580 Pension Fund, Nova Scotia Health Employees' Pension Plan | (1) Unrelated funds with no pre-existing relationship; (2) No evidentiary showing (joint declaration) provided; and (3) Three law firms. |

While it is true that courts in this District do not blindly appoint large groups of unrelated individual investors, the PSLRA, the Securities and Exchange Commission, and Supreme Court expressly allow or have endorsed the appointment of cohesive groups of institutional investors as lead plaintiff.[3]  Consequently, courts in this District regularly determine that a small group of sophisticated institutions that can make decisions jointly may be appointed as lead plaintiff.  *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (Chin, J.) ("the group is comprised of large public pension funds" and "are thus the type of sophisticated institutional investors envisioned by Congress in the enactment of the PSLRA"); *Reimer v. Ambac*

---

[3]    As the Supreme Court itself recognizes, "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest." *China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018).

4881-7275-9290.v1

*Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (Buchwald, J.) (same). This is so even where a competing movant claims to have suffered a larger individual loss.[4] In fact, many of the largest securities class action recoveries in this District and around the country were achieved in cases led by groups of investors just like the Retirement Systems.[5]

The Retirement Systems have unquestionably demonstrated that its members are prepared, qualified, and eager to cohesively represent the investor class in this case. Like the other groups appointed lead plaintiff in this District, the Retirement Systems have evidenced their qualifications to serve as lead plaintiff in this case. *See* ECF 16 at 3-5; ECF 18-4. Among other things, their Joint Declaration (ECF 18-4) confirms that the Retirement Systems' decision to move jointly stemmed from their past positive experiences serving as representative parties in small groups, as well as their

---

[4]    *Baxter*, 2024 WL 4753605, at *5 ("The fact that Mr. Walker suffered the single largest individual loss of all the movants does not change the conclusion that the Pension Funds collectively have the largest financial interest."); *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at *3 (S.D.N.Y. June 1, 2023) (Cronan, J.) ("The Court therefore considers the most adequate plaintiff presumption by assessing the financial interest in this action possessed by the individual movant – *i.e.*, San Antonio – and the aggregate financial interests possessed by each of the group movants – *i.e.*, the group consisting of Miami and Louisiana Sheriffs, and the group consisting of Birmingham, El Paso, and Wayne County – not by assessing the financial interests possessed by the individual entities within those groups."); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 n.10 (E.D.N.Y. 2018) ("the Court notes that, in keeping with the PSLRA policy allowing for aggregation of losses within lead plaintiff groups, other courts have also rejected arguments that a greater loss by an individual group member should override the presumption in favor of the ***group*** with the largest loss") (emphasis in original).

[5]    *See, e.g.*, *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 2013 WL 1558686, at *1-*2 (S.D.N.Y. Apr. 11, 2013) (Castel, J.) ($2.425 billion recovery achieved by five institutions as lead plaintiff); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 252 n.1, 261 (D.N.H, Dec. 19, 2007) ($3.2 billion recovery achieved by five institutions as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 217 (3d Cir. 2001) ($3.2 billion recovery achieved by three institutions as lead plaintiff); *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 2016 WL 11575090, at *1, *6 (D.N.J. June 28, 2016) ($1.062 billion recovery achieved by institution and individuals as lead plaintiff).

4881-7275-9290.v1

complementary trading pattern in Endava stock. *See* ECF 18-4 at ¶6.[6] In addition, the Retirement Systems "communicated regarding the merits of this action, the status of the proceedings, the responsibilities of a lead plaintiff," and the "ability to work together and to collaboratively assume the role of lead plaintiff." *Id*. at ¶7. The Retirement Systems have overseen prior securities class actions (individually and as part of groups) and have made clear their commitment to leverage that experience to maximize the recovery for all class members. *Id*. Likewise, the Retirement Systems have attested to their selection of Robbins Geller and Abraham Fruchter – both of which have previously served as lead counsel in PSLRA cases led by each of the Retirement Systems.[7] Indeed, this showing is more robust than what FCERS itself has provided when seeking to serve as a

---

[6] Unlike the Retirement Systems, whose purchases span three months of the Class Period, FCERS purchased its entire stake in Endava during only a two-day window. *Compare* ECF 18-3 *with* ECF 20-3. In the event that the contours of the Class Period are altered at the motion to dismiss stage, FCERS is at a significantly higher risk of losing standing, which would impact the class and require the Court to reopen lead plaintiff proceedings. *See, e.g.*, *Kanefsky v. Honeywell Int'l Inc.*, 2020 WL 2520669, at *3 n.4 (D.N.J. May 18, 2020) (motion to dismiss order ultimately necessitating a new lead plaintiff process because of "class representation issues due to Plaintiff's purchase date").

[7] *See Porter v. Graftech Int'l Ltd.*, 2024 WL 2189642, at *14 (N.D. Ohio May 15, 2024) (Robbins Geller and Abraham Fruchter serving as lead counsel in case led by UPR); *Bd. of Trustees of the City of Fort Lauderdale Gen. Emps.' Ret. Sys.* v. *Mechel OAO*, No. 1:09-cv-03617-RJS (S.D.N.Y.) (Sullivan, J.) (Robbins Geller and Abraham Fruchter served as lead counsel in case led by Fort Lauderdale ERS); *see generally Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, 2021 WL 6072812, at *5 (D. Md. Dec. 23, 2021) ("Here, each of the two members of the group is a sophisticated institutional investor that had a pre-litigation relationship with their counsel even if not with each other.").

FCERS' claim that the selection of two law firms is evidence of a group's inadequacy is belied by the law of this District as well as FCERS' own lead plaintiff application in *Shenk v. Mallinckrodt plc*, No. 1:17-cv-00145 (D.D.C.) where it (along with two other institutional investors) sought the approval of three law firms as lead counsel. *See Mustafin v. GreenSky, Inc.*, 2019 WL 1428594, at *6 (S.D.N.Y. 2019) (Engelmayer, J.) (appointing group of three institutional investors and approving two law firms, including FCERS' counsel, as lead counsel); *see also Omdahl v. Farfetch Ltd.*, 2020 WL 3072291, at *4 (S.D.N.Y. 2020) (Nathan, J.) (appointing group of institutional investors represented by two lead counsel); *Police and Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *3-*4 (S.D.N.Y. 2007) (Crotty, J.) (appointing group of institutional investors represented by two lead counsel); *Reimer,* 2008 WL 2073931 (same).

member of a group **and** what has been repeatedly accepted by courts in this District as a sufficient showing of adequacy. *See* Declaration of David A. Rosenfeld in Support of Reply in Further Support of the Retirement Systems' Motion for Appointment as Lead Plaintiff ("Rosenfeld Reply Decl."), Exs. A-E, filed concurrently herewith.[8]

Moreover, following recent Supreme Court authority regarding the expiration of the statute of limitations and statute of repose in securities cases, district courts across the country have routinely recognized the desirability for putative classes to be led by small groups of institutional investors similar to the Retirement Systems. *See, e.g.*, *Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (Caproni, J.); *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2020 WL 815136, at *8 (E.D. Pa. Feb. 19, 2020); *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *12 (N.D. Cal. Nov. 8, 2019). The court's decision in *Allegheny County* is particularly notable because it addressed the same hypocritical stance FCERS takes here:

> I find merit in the Group's contention that the aggregation of highly sophisticated institutional investors is materially different from an alliance of large numbers of small investors connected by lawyers. . . . Indeed, [the competing movant] has recognized just such a distinction in arguments before other federal courts where it sought approval for smaller groups of investors with which it had joined to serve as lead plaintiff.

---

[8]   *See In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *3-*7 (S.D.N.Y. Apr. 16, 2024) (Ramos, J.) (finding unrelated group cohesive where its members attested that "'they fully understand the Lead Plaintiff's responsibilities and obligations to the class'" and appointing group as lead plaintiff); *Lian v. Tuya Inc.*, 2022 WL 17850134, at *4 (S.D.N.Y. Dec. 22, 2022) (Cronan, J.) (adequacy of group of two unrelated individual investors supported by their discussion of "'the claims against defendants, serving jointly as lead plaintiff, and ensuring that the class's claims will be efficiently and zealously prosecuted by [their] oversight of [their] proposed lead counsel'"); *San Antonio*, 2023 WL 3750115, at *8 (plans for cooperation demonstrated by movants' commitment in joint declaration to "'continu[ing] to communicate with each other and [to] provide guidance, insight, and direction to Robbins Geller and on major litigation events'").

2020 WL 815136, at *8 (appointing institutional investor group over an institution claiming single largest loss). The situation is no different here.[9] As such, there is no basis to accept FCERS' argument against the Retirement Systems' motion in this case.

### B.    UPR's Omission of Two Cases From Its PSLRA Certification Does Not Rebut the Presumption

Mindful of the decades of case law supporting the appointment of small cohesive institutional investor groups like the Retirement Systems, FCERS goes all in on its contention that the Retirement Systems should be disqualified based on an inadvertent omission in Trust of the Retirement System of the UPR's ("UPR") PSLRA certification that: (1) has been corrected; (2) is not alleged to have prejudiced FCERS in any way; and (3) has no bearing on the lead plaintiff determination (*i.e.*, does not alter UPR's financial interest or affect whether UPR triggers the PSLRA's professional plaintiff provision, 15 U.S.C. §78u-4(a)(3)(B)(vi)).

Paragraph 5 of UPR's original PSLRA Certification inadvertently omitted two cases as a result of an administrative error. That error has been remedied and a corrected Certification is being filed. *See* Rosenfeld Reply Decl., Ex. F. Courts in this District agree that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) (McMahon, J.) (cleaned up); *Hartel v. SelectQuote, Inc.*, 2022 WL 4057445, at *2 n.3 (S.D.N.Y. Sept. 2, 2022)

---

[9]    The mere fact that the Retirement Systems did not share a pre-existing relationship before the filing of the complaint in this Action is not fatal to their attempt to be appointed lead plaintiff. Indeed, the "majority view" is that "unrelated investors may aggregate." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) (Scheindlin, J.); *see also In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018) ("The majority of courts permit unrelated investors to join together as a group, and evaluate a motion to do so on a case-by-case basis, evaluating whether the grouping best serves the interest of the class."). In fact, one court has even suggested that "a group of diverse investors who did not know each other previously could be in a better position to represent a large and diverse class of investors than one investor would be." *Cushman v. Fortress Biotech, Inc.*, 2021 WL 1526172, at *2 (E.D.N.Y. Apr. 19, 2021).

- 7 -

(Hellerstein, J.) (appointing a group of two institutional investors; finding that inadvertently omitting a "pending lead plaintiff motion in another case" from a group member's PSLRA certification is inconsequential because, *inter alia*, "the error has since been corrected").[10]  Indeed, courts have allowed lead plaintiff movants to correct significantly more egregious errors, further illustrating that a movant's typicality or adequacy is not undermined by such oversights.  *See Maeshiro v. Yatsen Holding Ltd.*, 2023 WL 4684106, at *8-*9 (S.D.N.Y. July 21, 2023) (Cronan J.) (appointing group of two individual investors – represented by FCERS' counsel – after allowing counsel to remedy the "inadvertent omission of four trades" from group member's certification);  *Silverberg v. DryShips Inc.*, 2018 WL 10669653, at *3 (E.D.N.Y. Aug. 21, 2018) (appointing group of five individual investors – also represented by FCERS' counsel – after allowing counsel to remedy financial interest representations in admittedly inaccurate PSLRA certification).  Accordingly, UPR's inadvertent omission is insufficient to rebut the Retirement Systems' status as the presumptive lead plaintiff.

### C.    UPR's Ability to Satisfy Rule 23 Is a Matter of Settled Law

FCERS' final attempt to paint UPR as an inadequate lead plaintiff due to "potential insolvency" is not only misplaced but also rings of a well-worn and disturbingly familiar pattern of dismissing the capabilities of institutions from marginalized communities.  For over 80 years, UPR has diligently invested and administered its assets (worth over $1.7 billion) for the benefit of its participants – the academic and administrative staff of the University of Puerto Rico – and their

---

[10]   *See generally Baron v. Talkspace, Inc.*, 2022 WL 1912255, at *6 (S.D.N.Y. June 3, 2022) (Gardephe, J.) (acknowledging that "'it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit . . . a certificate,'" and that "courts have allowed certifications to be amended after the sixty-day deadline has passed" and concluding that "[i]n any event, [movant] has since filed amended certifications . . . that comply with the certification requirements under the PSLRA, thereby rendering the issue moot").

- 8 -

4881-7275-9290.v1

beneficiaries.[11]  Indeed, as FCERS fails to inform the Court, a federal judge has already rejected this precise argument in certifying UPR as a class representative, finding that UPR readily satisfies Rule 23(a)'s typicality and adequacy requirements, while dismissing "'speculative'" concerns about its solvency.  *Utesch v. Lannett Co., Inc.*, 2021 WL 3560949, at *4 n.5 (E.D. Pa. Aug. 12, 2021) (observing that UPR "has vigorously litigated the case since its appointment as lead plaintiff over four years ago").  Notably, this finding occurred at the class certification stage, which required a significantly higher evidentiary showing than the *prima facie* showing applicable to the lead plaintiff stage of proceedings.  For the three years following Judge Beetlestone's order certifying UPR as class representative, it has continued to vigorously prosecute the *Lannett* action.  Indeed, the *Lannett* action continues to be ongoing litigation.  UPR is likewise currently serving as sole lead plaintiff in *Porter*, 2024 WL 2189642, where another federal judge rejected **identical** (down to the same *San Juan Daily Star* article that FCERS recycles and reattached to its opposition) arguments regarding UPR's solvency.  *Id.* at *14 ("[T]he Court does not find that these issues negate its ability to satisfy the 'adequacy' requirement of Federal Rule of Civil Procedure 23(a)(4) or the requirements of the PSLRA in appointing a lead plaintiff in this case.").

Given UPR's recent appointment in *Porter* and its continued exemplary service as lead plaintiff and class representative in *Lannett*, any suggestion that UPR is incapable of effectively leading this litigation is a disservice to the Court and a distraction from the merits of this case.

III.   **CONCLUSION**

The Retirement Systems possess the largest financial interest in the relief sought by the class. They are entirely typical and adequate of the putative class.  The PSLRA requires proof to rebut the

---

[11]   Additional information about UPR's history, governance structure, and finances are all publicly available on its website, https://retiro.upr.edu/.

4881-7275-9290.v1

presumption that the most adequate plaintiff – here, the Retirement Systems – should be appointed lead plaintiff.  Instead of proof, FCERS proffers a series of strawman arguments undermined by the overwhelming majority of legal authority and by its own prior federal court filings.  Consequently, the Court should find that FCERS has not met its heavy burden to rebut the presumption in favor of the Retirement Systems' appointment as lead plaintiff.  Accordingly, the Retirement Systems respectfully request that the Court grant their motion.

DATED:  November 15, 2024                    Respectfully submitted,

                                                             ROBBINS GELLER RUDMAN
                                                               & DOWD LLP
                                                             SAMUEL H. RUDMAN
                                                             DAVID A. ROSENFELD


                                                             _____
                                                                    *s/ David A. Rosenfeld*
                                                                 DAVID A. ROSENFELD

                                                             58 South Service Road, Suite 200
                                                             Melville, NY  11747
                                                             Telephone:  631/367-7100
                                                             srudman@rgrdlaw.com
                                                             drosenfeld@rgrdlaw.com

                                                             ABRAHAM, FRUCHTER & TWERSKY, LLP
                                                             MITCHELL M.Z. TWERSKY
                                                             ATARA HIRSCH
                                                             450 Seventh Avenue, 38th Floor
                                                             New York, NY  10123
                                                             Telephone:  212/279-5050
                                                             212/279-3655 (fax)
                                                             mtwersky@aftlaw.com
                                                             ahirsch@aftlaw.com

                                                             Proposed Lead Counsel for Proposed Lead Plaintiff

- 10 -

4881-7275-9290.v1