# EXHIBIT C

SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
Garrett W. Wotkyns (025887)
Michael C. McKay (023354)
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Telephone: (480) 428-0143
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com
mmckay@schneiderwallace.com

SCOTT+SCOTT LLP
Joseph P. Guglielmo (*Pro Hac* forthcoming)
Donald A. Broggi (*Pro Hac* forthcoming)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone:  (212) 223-6444
Fax:  (212) 223-6334
jguglielmo@scott-scott.com
dbroggi@scott-scott.com

*Counsel for Proposed Lead Plaintiff*
*Retirement Funds Group*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| MARK SMILOVITS, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST SOLAR, INC., MICHAEL J. AHEARN, ROBERT J. GILLETTE, MARK R. WIDMAR, JENS MEYERHOFF, and JAMES ZHU, <br><br> Defendants. | No.  2:12-cv-00555 <br><br> Hon. David G. Campbell <br><br> RETIREMENT FUNDS GROUP'S: (1) MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF SCOTT+SCOTT LLP AS LEAD COUNSEL, AND (2) MEMORANDUM OF LAW IN SUPPORT THEREOF <br><br> ORAL ARGUMENT REQUESTED |

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR
APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2)
MEMO OF LAW ISO THEREOF

Class members Fulton County Employees' Retirement System and City of Bristol Pension Fund (the "Retirement Funds Group"), by and through their counsel, hereby move this Court pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), for appointment as lead plaintiff and approval of its selection of Scott+Scott LLP as lead counsel and Schneider Wallace Cottrell Brayton Konecky LLP as liaison counsel.

This Motion is made on the grounds that the Retirement Funds Group is the most adequate plaintiff, having suffered estimated losses of approximately $1,693,283. In addition, the Retirement Funds Group meets the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of Class members' claims and it will fairly and adequately represent the Class. Finally, the Retirement Funds Group has selected and retained Scott+Scott LLP, a law firm having substantial experience in the prosecution of shareholder and securities class actions and possessing the resources necessary to efficiently conduct this litigation.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Joseph P. Guglielmo and the exhibits attached thereto, all of the prior pleadings and proceedings in this action and such other written and/or oral argument as may be presented to the Court.

DATED: May 15, 2012                    Respectfully submitted,

/s/ Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
 BRAYTON KONECKY LLP
Garrett W. Wotkyns
Michael C. McKay
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Telephone: (480) 428-0143
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com
mmckay@schneiderwallace.com

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

i

*Liaison Counsel for Proposed Lead Plaintiff the Retirement Funds Group*

-and-

SCOTT+SCOTT LLP
JOSEPH P. GUGLIELMO (*Pro Hac* forthcoming)
DONALD A. BROGGI (*Pro Hac* forthcoming)
500 5th Avenue, 40th Floor
New York, NY 10110
Telephone:  (212) 223-6444
Fax:  (212) 223-6334
jguglielmo@scott-scott.com
dbroggi@scott-scott.com

– and –

DAVID R. SCOTT
P.O. Box 192
156 South Main Street
Colchester, CT  06415
Telephone:  (860) 537-5537
Fax:  (860) 537-4432
drscott@scott-scott.com

*Proposed Lead Counsel for Proposed Lead Plaintiff the Retirement Funds Group*

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

ii

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Class members and lead plaintiff movants Fulton County Employees' Retirement System and City of Bristol Pension Fund (the "Retirement Funds Group"), by and through its counsel, respectfully submits this motion, and memorandum of law in support of its motion, for appointment of the Retirement Funds Group as lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 (the "PSLRA"), and for approval of the Retirement Funds Group's selection of Scott+Scott LLP as lead counsel and Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace") as liaison counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.   The motion is based on this memorandum of law, the Declaration of Joseph P. Guglielmo in Support of the Retirement Funds Group's Motion for Appointment as Lead Plaintiff ("Guglielmo Decl."), the pleadings and other files and records in this action, and such other written and/or oral argument as may be presented to the Court.

### **I.       FACTUAL BACKGROUND**

Presently pending before this Court is a securities fraud class action brought on behalf of all investors who purchased or otherwise acquired the securities of First Solar, Inc. ("First Solar" or the "Company") between April 30, 2008 and February 28, 2012, inclusive (the "Class").  The action is brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

Defendants have or had a controlling interest.[1]

The Complaint alleges that during the class period, Defendants knowingly or recklessly made materially false and misleading statements concerning First Solar's business, operations and prospects. Defendants' statements failed to disclose, among other things: (1) the full impact of a manufacturing excursion in the time period between June 2008 and June 2009 on the Company's earnings; (2) that the Company was improperly recognizing revenue concerning certain products in its solar systems business; (3) the Company lacked adequate internal and financial controls; and (4) as a result of the foregoing, the Company's statements were materially false and misleading.

Defendants could not, however, hide the truth forever. On February 28, 2012, First Solar issued a press release announcing its financial results for the fourth quarter and year ended December 31, 2011. The Company reported, among other things, a decrease of $345 million in net sales for the fourth quarter, as compared to the previous quarter. The next day, on February 29, 2012, the Company filed its annual report on Form 10-K for 2011. In the report, First Solar disclosed the extent of the 2008-2009 manufacturing excursion and the staggering costs of the Company's remediation program associated with the excursion. On this news, the price of First Solar common stock declined $4.10, nearly 11%, to close at $32.30 per share on February 29, 2012.

## II.   ARGUMENT

### A.   The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations of the federal securities laws. *See* 15 U.S.C. § 78u-4(a).

---

[1]   Defendants are First Solar and Company executives Michael J. Ahearn, Robert J. Gillette, Mark R. Widmar, Jens Meyerhoff and James Zhu (collectively, the "Defendants").

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, within sixty days of the publication of notice, any person or group who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Third, within ninety days after publication of notice, courts are to consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the class' interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the PSLRA provides that the court "shall adopt a presumption that the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The court must also "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Here, the Retirement Funds Group should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) (to the best of its knowledge) has the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Retirement Funds Group's selection of Scott+Scott as lead counsel and Schneider Wallace as liaison counsel for the Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

3

**B.** **The Retirement Funds Group Should Be Appointed to Serve as Lead Plaintiff**

**1.** **The Retirement Funds Group's Motion Is Timely**

The plaintiff who files an action must, within 20 days of filing the action, publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of this action, on March 20, 2012, a notice of pendency of the action was published via *Globe Newswire.* Guglielmo Decl., Ex. A. The notice was timely because it was filed within 20 days of the date this action was filed. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

Class members who file a complaint or move pursuant to §21D(a)(3)(B) of the Exchange Act are eligible to be appointed as lead plaintiffs, so long as their motion is timely. 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Retirement Funds Group's motion is filed within 60 days from the publication of notice and, as such, is timely. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

**2.** **The Retirement Funds Group Possesses the Largest Financial Stake in the Relief Sought by the Class**

During the class period, the Retirement Funds Group lost in excess of $1,693,283 due to Defendants' misconduct. *See* Guglielmo Decl., Ex. B. To the best of its knowledge, the Retirement Funds Group's losses represent the largest financial interest of any movant in the relief sought by the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

**3.** **The Retirement Funds Group Is Otherwise Qualified to Serve as Lead Plaintiff Pursuant to Rule 23**

In addition to meeting the aforementioned requirements, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

4

class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  At this stage of the litigation, however, a movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730.

As detailed below, the Retirement Funds Group plainly satisfies the typicality and adequacy requirements of Rule 23(a).  As such, the Retirement Funds Group is qualified to be appointed as lead plaintiff.

### a.     The Retirement Funds Group Is Typical

The typicality requirement of Rule 23(a)(3) is met when the representative plaintiff has: (1) suffered the same injuries as the absent class members; (2) as a result of the same course of conduct by defendants; and (3) their claims are based on the same legal issues. *See Hanon v. Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992);  *Hall v. Medicis Pharmaceutical Corp.*, No. CV-08-1821-PHX-GMS, 2009 WL 648626, at *3 (D. Ariz. Mar. 11, 2009).  The Ninth Circuit has held that Rule 23(a)(3) should be interpreted somewhat permissively and that "'representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'" *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1997)); *see also Hall*, No. CV-08-1821-PHX-GMS, 2009 WL 648626, at *3.

Here, the Retirement Funds Group is typical because it, just like all other Class members: (1) purchased or otherwise acquired First Solar securities during the class period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the Defendants' conduct causing the price of First Solar's securities to fall.  *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009).

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

5

Furthermore, the Retirement Funds Group is seeking to recover damages based on the same theories of liability as the rest of the Class. The claims of the Retirement Funds Group are, therefore, typical of the claims of the other Class members. *See id.* At this stage of the litigation, the typicality requirement has been met.

### b.     The Retirement Funds Group Is Adequate

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Hanlon*, 150 F.3d at 1020. In order to satisfy this requirement, a prospective lead plaintiff must show that he, she, or it does not have any conflicts of interest with other class members and that the plaintiff and counsel will vigorously prosecute the case. *Hall*, 2009 WL 648626, at *3.

Here, the Retirement Funds Group's interests are clearly aligned with the members of the proposed Class and there is no evidence of any antagonism between its interests and the interests of the proposed Class members. Indeed, the Retirement Funds Group shares substantially similar questions of law and fact with the members of the proposed Class and, as detailed above, its claims are typical of the members of the Class.[2]

The Retirement Funds Group has also adduced evidence demonstrating that it will adequately serve as class representative. For example, each member of the group has signed a sworn Certification affirming its willingness to serve as, and assume the responsibilities of, class representative. *See* Guglielmo Decl., Ex. C. In addition, the Retirement Funds Group has submitted a Joint Declaration demonstrating that it is a cohesive group of two retirement funds determined to prosecute this case together efficiently and effectively. *See* Guglielmo Decl., Ex. D. The members of the Retirement Funds Group have both worked with

---

[2]     Common questions of law and fact include: (1) whether Defendants violated the securities laws; and (2) whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

Scott+Scott since before this action was commenced and will continue consulting with Scott+Scott and each other on a regular basis to direct the course of this litigation with the advice of counsel. *Id.* They have agreed upon a decision-making structure that advances the interests of the Class. *Id.* Each are sophisticated investors who understand their obligations as a lead plaintiff and are experienced at overseeing counsel in the course of managing their respective funds' assets. *Id.*

Finally, the Retirement Funds Group has taken significant steps that will promote the protection of interests of the Class: specifically, the Retirement Funds Group carefully evaluated the facts underlying the action and selected proposed lead counsel who are qualified, experienced and able to conduct this complex litigation in a professional manner. Clearly, the Retirement Funds Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiff in this action.

### C. Congress Expressly Intended that Institutional Investors Like the Retirement Funds Group Would Be Appointed as Lead Plaintiffs in Enacting the PSLRA

When enacting the PSLRA in 1995, Congress reasoned that increasing the role of larger investors, like the Retirement Funds Group's members, which typically have a larger financial stake in the outcome of the litigation and are governed by experienced fiduciaries, would be beneficial because investors with large financial stakes are more apt to effectively manage complex securities class action litigation. *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Conf. Rep. 104-369, at 29 (104th Cong., 1st Sess. 1995) ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); *see also Borenstein v. Finova Group Inc.*, No. Civ. 00-619 PHX SMM, 2000 WL 34524743, at *9 (D. Ariz. Aug. 30, 2000).

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

7

Here, the Retirement Funds Group, comprised of two institutional investors possessing significant financial stakes in this litigation, is precisely the type of lead plaintiff envisioned by Congress.  As experienced institutional investors charged with managing tens of millions of dollars of retirement savings, they each share a mutual interest in both deterring fraud in the capital markets in which they invest, and in directing the vigorous prosecution of this particular class action to obtain the largest recovery possible for First Solar's defrauded investors.  Accordingly, for the foregoing reasons, the Court should appoint the Retirement Funds Group to serve as the Lead Plaintiff in this action.

> **D.      The Court Should Approve Scott+Scott as the Retirement Funds Group's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35; *Hall*,  2009 WL 648626, at *6.  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, the Retirement Funds Group has selected the law firm of Scott+Scott to represent the Class.  Scott+Scott is a firm with substantial experience in the prosecution of securities class actions and possesses the resources necessary to efficiently conduct this litigation.  *See* Guglielmo Decl., Ex. E.  Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions, recovering hundreds millions of dollars for class members and others harmed by corporate fraud and mismanagement.[3]  In addition, Schneider Wallace is a firm of seasoned trial lawyers,

---

[3]      Some recoveries of note for Scott+Scott include: a settlement of $70 million for a class of purchasers of Credit Suisse securities in *Cornwell v. Credit Suisse Group, et al.* No. 08-cv-03758 (S.D.N.Y.); settlement of $80 million for a class of purchasers of Priceline stock in *In re Priceline.com Sec. Litig.*, No. 00-01844 (D. Conn.); and a $122 million settlement for purchasers of Mattel stock in *Thurber v. Mattel, Inc.*, No. 99-10368 (C.D. Cal.).  Additional securities settlements obtained by Scott+Scott, acting as lead or co-lead

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

committed to protecting investors through class action litigation and is well-qualified to serve as liaison counsel. *See* Guglielmo Decl., Ex. F. The Court should, therefore, approve the Retirement Funds Group's selection of lead and liaison counsel.

### III.        CONCLUSION

For all the foregoing reasons, the Retirement Funds Group respectfully requests that the Court appoint it to serve as lead plaintiff in the action, and approve its selection of the law firm of Scott+Scott LLP to serve as lead counsel and its selection of Schneider Wallace to serve as liaison counsel for the Class.

DATED: May 15, 2012                          Respectfully submitted,

                                           /s/ Garrett W. Wotkyns
                                           SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
Garrett W. Wotkyns
Michael C. McKay
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Telephone: (480) 428-0143
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com
mmckay@schneiderwallace.com

counsel, include: *In re Emulex Corp. Sec. Litig.*, No. 01-00219 (C.D. Cal.) (settlement of $39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Cir. Ct. Jackson County, Mo.) (settlement of $50 million); *In re Northwestern Corp. Sec. Litig.*, No. 03-04049 (D.S.D.) (settlement of $61 million); *Irvine v. Imclone Systems, Inc.*, No. 02-00109 (S.D.N.Y.) (settlement of $75 million); and *Schnall v. Annuity and Life Re (Holdings) Ltd.*, No. 02-02133 (D. Conn.) (settlement of $27 million).

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

9

*Liaison Counsel for Proposed Lead Plaintiff the Retirement Funds Group*

-and-

SCOTT+SCOTT LLP
JOSEPH P. GUGLIELMO (*Pro Hac* forthcoming)
DONALD A. BROGGI (*Pro Hac* forthcoming)
500 5th Avenue, 40th Floor
New York, NY 10110
Telephone:  (212) 223-6444
Fax:  (212) 223-6334
jguglielmo@scott-scott.com
dbroggi@scott-scott.com

– and –

DAVID R. SCOTT
P.O. Box 192
156 South Main Street
Colchester, CT  06415
Telephone:  (860) 537-5537
Fax:  (860) 537-4432
drscott@scott-scott.com

*Proposed Lead Counsel for Proposed Lead Plaintiff the Retirement Funds Group*

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Garrett W. Wotkyns
Garrett W. Wotkyns

RETIREMENT FUNDS GROUP'S: (1) MTN. OF APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF SCOTT+SCOTT LLP AS SELECTION OF LEAD COUNSEL, AND (2) MEMO OF LAW ISO THEREOF

11

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

MARK SMILOVITS, Individually and on Behalf of All Other Persons Similarly Situated,

                              Plaintiff,

        vs.

FIRST SOLAR, INC., MICHAEL J. AHEARN, ROBERT J. GILLETTE, MARK R. WIDMAR, JENS MEYERHOFF, and JAMES ZHU,

                              Defendants.

No.  2:12-cv-00555

Hon. David G. Campbell

[PROPOSED] ORDER APPOINTING RETIREMENT FUNDS GROUP AS LEAD PLAINTIFF AND APPROVING ITS CHOICE OF LEAD AND LIAISON COUNSEL

[PROPOSED] ORDER APPOINTING RETIREMENT FUNDS GROUP AS
LEAD PLAINTIFF AND APPROVING ITS CHOICE OF LEAD AND LIAISON COUNSEL

WHEREAS, class members Fulton County Employees' Retirement System and City of Bristol Pension Fund (the "Retirement Funds Group") have moved, pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act") for consolidation of the above-captioned related actions, appointment as lead plaintiff and for approval of Scott+Scott LLP ("Scott+Scott") as lead counsel and Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace") as liaison counsel for plaintiffs and the putative class, and good cause appearing therefore:

IT IS HEREBY ORDERED as follows:

1. The Retirement Funds Group is the most adequate plaintiff and is appointed Lead Plaintiff for the putative class.

2. Lead Plaintiff's selection of lead and liaison counsel for the class is hereby approved. The law firm of Scott+Scott is appointed as Lead Counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act. Schneider Wallace is appointed as liaison counsel.

3. Lead Counsel shall have the authority to speak for plaintiffs and putative class members in all matters regarding the litigation including, but not limited to, pre-trial proceedings, motion practice, trial and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, lead counsel shall have the following responsibilities:

(a) to brief and argue motions;

(b) to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admission, and requests for production of documents;

(c) to direct and coordinate the examination of witnesses in depositions;

(d) to act as spokesperson at pretrial conferences;

(e) to initiate and conduct any settlement negotiations with counsel for defendants;

[PROPOSED] ORDER APPOINTING RETIREMENT FUNDS GROUP AS
LEAD PLAINTIFF AND APPROVING ITS CHOICE OF LEAD AND LIAISON COUNSEL

1

(f)     to consult with and employ consultants and/or experts; and

(g)     to perform such other duties as may be expressly authorized by further order of this Court.

4.     Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of the putative class.

5.     No motion, application or request for discovery shall be served or filed, or other pretrial proceedings initiated, on behalf of Lead Plaintiff, except through Lead Counsel.

6.     Lead Counsel for the class shall be available and responsible for communications to and from the Court.

7.     Defendants' counsel may rely upon all agreements made with Lead Counsel, or other duly authorized representatives of Lead Plaintiff.

IT IS SO ORDERED.


DATED:_____                    _____
                                       HON. DAVID G. CAMPBELL
                                       UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER APPOINTING RETIREMENT FUNDS GROUP AS
LEAD PLAINTIFF AND APPROVING ITS CHOICE OF LEAD AND LIAISON COUNSEL

2