**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HENDRIK MUELLER, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ENDAVA, PLC, JOHN COTTERELL, and MARK THURSTON, <br><br> Defendants. | Civil Action No. 1:24-cv-06423-JHR |

**FULTON COUNTY EMPLOYEES' RETIREMENT SYSTEM'S REPLY**
**IN FURTHER SUPPORT OF ITS LEAD PLAINTIFF AND LEAD COUNSEL MOTION**

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT .........................................................................................1

ARGUMENT...........................................................................................................3

    I.      FULTON COUNTY RETIREMENT IS THE PRESUMPTIVE LEAD PLAINTIFF, AS IT HAS THE LARGEST LOSS AND SATISFIES RULE 23 .................................................................................3

    II.     THE OPPOSITION MAKES CLEAR THAT FT. LAUDERDALE AND PUERTO RICO RETIREMENT HAVE NOT CARRIED THEIR HEAVY BURDEN TO AGGREGATE THEIR LOSSES .......................3

          A.     Courts in This District Require Proposed Groups to Proffer Evidence That Aggregation Is Justified.......................................3

          B.     The Opposition Confirms that Ft. Lauderdale and Puerto Rico Retirement Have Not Provided Sufficient Evidence to Justify Aggregation ................................................................5

    III.    PUERTO RICO RETIREMENT GROUP IS INADEQUATE AND ITS MOTION FOR APPOINTMENT SHOULD BE DENIED ON THAT SEPARATE BASIS................................................................9

CONCLUSION.....................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Med. Properties Tr.*,
   No. 23-CV-8597 (VSB), 2024 WL 3784445 (S.D.N.Y. Aug. 13, 2024)..................... 1, 2, 3, 4

*Baxter v. MongoDB*,
   No. 1:24-cv-5191-GHW, 2024 WL 4753605 (S.D.N.Y. Nov. 12, 2024) ...............................4

*Diabat v. Credit Suisse Grp. AG*,
   No. 23 CIV. 5874 (CM), 2024 WL 4566372 (S.D.N.Y. Oct. 24, 2024)..................................9

*Hansen v. Ferrellgas Partners, L.P.*,
   No. 16-cv-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ......................................4

*In re Donnkenny Inc. Sec. Litig.*,
   171 F.R.D. 156 (S.D.N.Y. 1997) .........................................................................................5

*In re: Longfin Corp., Sec. Litig.*,
   No. 1:18-cv-02933 (S.D.N.Y. June 25, 2018) (ECF No. 26-3) ............................................10

*In re McDermott Int'l, Inc. Sec. Litig.*,
   No. 08 Civ. 9943(DC), 2009 WL 579502 (S.D.N.Y. Mar. 6, 2009) ....................................9

*In re Paysafe Ltd.*,
   No. 1:21-CV-10611-ER-KHP, 2022 WL 1471122 (S.D.N.Y. May 10, 2022),
   *adopted*, 2024 WL 1636415 (S.D.N.Y. Apr. 16, 2024) ........................................................5

*In re Petrobras Sec. Litig.*,
   104 F. Supp. 3d 618 (S.D.N.Y. 2015) ..................................................................................7

*Jakobsen v. Aphria*,
   No. 18 Civ. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ............................6

*Karp v. Diebold Nixdorf*,
   No. 19 Civ. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)......................... 7, 8, 10

*Kniffin v. Micron Tech.*,
   379 F. Supp. 3d 259 (S.D.N.Y. 2019) ........................................................................... 6, 7, 8

*Li Hong Cheng v. Canada Goose Holdings Inc.*,
   No. 19-CV-8204 (VSB), 2019 WL 6617981 (S.D.N.Y. Dec. 5, 2019) ..................................6

*May v. Barclays PLC*,
   No. 23-cv-2583 (LJL), 2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023)..............................3, 4

*McKenna v. Dick's Sporting Goods*,
No. 17-CV-3680 (VSB), 2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018)................................3

*Micholle v. Ophthotech Corp.*,
No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)..............................6

*Nakamura v. BRF S.A.*,
No. 18-cv-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018)...................................4

*Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*,
275 F.R.D. 187 (S.D.N.Y. 2011) .......................................................................................7

*Porter v. Graftech Int'l Ltd.*,
No. 1:24-cv-00154 (N.D. Ohio)..........................................................................................9

*Rodriguez v. DraftKings Inc.*,
No. 21 Civ. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021)...........................6, 10

*Rosian v. Magnum Hunter Res. Corp.*,
No. 13 Civ. 2668(KBF), 2013 WL 5526323 (S.D.N.Y. Oct. 7, 2013) ................................8

*San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*,
No. 22 Civ. 6339 (JPC), 2023 WL 3750115 (S.D.N.Y. June 1, 2023) ................................4

*Schaffer v. Horizon Pharma Plc*,
No. 16-CV-1763 (JMF), 2016 WL 3566238 (S.D.N.Y. June 27, 2016)...............................8

*Siegel v. Bos. Beer Co.*,
No. 21-CV-7693 (VSB), 2021 WL 5909133 (S.D.N.Y. Dec. 14, 2021) ..............................4

*In re Tarragon Corp. Securities Litigation*, 2007 WL 4302732, at *2 (S.D.N.Y.
Dec. 6, 2007)......................................................................................................................5

*Tecku v. Yieldstreet*,
No. 20 Civ. 7327 (VM), 2022 WL 3584942 (S.D.N.Y. Aug. 22, 2022)...............................4

*Varghese v. China Shenghuo Pharm. Holdings*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) .........................................................................2, 4, 5

*Williams v. Block.One*,
No. 20-cv-2809 (LAK), 2020 WL 4505569 (S.D.N.Y. Aug. 4, 2020) ...............................5, 6

**Statutes**

15 U.S.C. §78u-4(a)(3)(B)(i), (iii) ................................................................................................3

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc) ..................................................................................1

Federal Rule of Civil Procedure 23............................................................................... 1, 2, 3

## SUMMARY OF ARGUMENT

Under the Private Securities Litigation Reform Act ("PSLRA"), the presumptive lead plaintiff is the movant with the largest financial interest in the action who satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc). The Retirement Systems' Memorandum of Law in Opposition to Competing Lead Plaintiff Motions (ECF No. 24; the "Opposition" or "Opp.") does not dispute that Fulton County Employees' Retirement System ("Fulton County Retirement") satisfies the relevant Rule 23 factors of adequacy and typicality, nor does the Opposition dispute that Fulton County Retirement's losses—$563,182.37— substantially exceed those of Fort Lauderdale General Employees' Retirement System ("Ft. Lauderdale"), $372,025.18, or the Trust of the Retirement System of the UPR ("Puerto Rico Retirement"), $317,081.11. Fulton County Retirement is thus the presumptive PSLRA lead plaintiff and should be appointed Lead Plaintiff.

The Opposition asks the Court to permit Ft. Lauderdale and Puerto Rico Retirement to aggregate their individual losses to leapfrog Fulton Country Retirement and prosecute this case as a group with two separate law firms acting as Co-Lead Counsel. In recognizing that the intent of the PSLRA was to **prevent** lawyer-driven litigation, most courts in this District are rightly skeptical of lead plaintiff groups, evaluating them on a case-by-case basis and requiring that proposed groups "**provide evidence that they will function cohesively and thus best serve the class**."[1] *Armstrong v. Med. Properties Tr.*, No. 23-CV-8597 (VSB), 2024 WL 3784445, at *3 (S.D.N.Y. Aug. 13, 2024). As shown below and in Fulton County Retirement's opposition brief, Ft. Lauderdale and Puerto Rico Retirement do not come close to making the required evidentiary showing. *See also* Fulton County Employees' Retirement System's Opposition to Competing

---

[1]    Unless otherwise specified, all emphasis is added and citations are omitted.

Lead Plaintiff and Lead Counsel Motion (ECF No. 25; "Fulton Opp.") at 5-18. Moreover, even setting aside whether a group is appropriate here (which it is not), Puerto Rico Retirement is independently not an adequate lead plaintiff. *See Id.* at 18-20. Thus, the Court should not allow Ft. Lauderdale and Puerto Rico Retirement to aggregate their losses and form a lead plaintiff group and should instead appoint Fulton County Retirement - which indisputably has the largest single loss and satisfies the Rule 23 factors - as Lead Plaintiff.

The Retirement Systems' Opposition makes plain that Ft. Lauderdale and Puerto Rico Retirement do not satisfy the exacting requirements imposed by courts in this District to aggregate losses. *See Varghese v. China Shenghuo Pharm. Holdings,* 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). ***First***, the Opposition shows that Ft. Lauderdale and Puerto Rico Retirement have no preexisting relationship. ***Second***, the Opposition establishes that Ft. Lauderdale and Puerto Rico Retirement have had minimal involvement in this litigation - and conspicuously omits that Puerto Rico Retirement's certification in this case is defective. ***Third***, the Opposition makes clear that Ft. Lauderdale and Puerto Rico Retirement have no actual plans for jointly prosecuting this litigation. ***Fourth***, the Opposition makes no mention of Puerto Rico Retirement's ongoing fiscal and organizational problems, which are so acute that another court in this District has deemed them inadequate on that basis. ***Fifth***, the Opposition suggests that Ft. Lauderdale and Puerto Rico Retirement have been thrown into the proposed group by their co-counsel and not vice-versa.

***Finally***, even if aggregation were appropriate (which it is not), Puerto Rico Retirement is not adequate and its motion for Lead Plaintiff should be denied on that separate ground.

2

## ARGUMENT

**I.    FULTON COUNTY RETIREMENT IS THE PRESUMPTIVE LEAD PLAINTIFF, AS IT HAS THE LARGEST LOSS AND SATISFIES RULE 23**

"There is a rebuttable presumption that the appropriate plaintiff is" the movant that "has the largest financial interest in the relief being requested" so long as that movant "meets the requirements of Rule 23 of the Federal Rules of Civil Procedure." *McKenna v. Dick's Sporting Goods*, No. 17-CV-3680 (VSB), 2018 WL 1083971, at \*3 (S.D.N.Y. Feb. 27, 2018); *see* 15 U.S.C. §78u-4(a)(3)(B)(i), (iii).  The Opposition does not dispute – and therefore concedes – that Fulton Country Retirement meets the Rule 23 requirements.  Nor does the Opposition contest that Fulton County Retirement's claimed loss ($563,182.37) substantially exceeds those of Ft. Lauderdale ($372,025.18) or Puerto Rico Retirement ($317,081.11).  Thus, in the absence of aggregation, which is improper here for the reasons set forth below, the Opposition confirms that Fulton County Retirement has the largest financial interest and is the presumptive Lead.

**II.    THE OPPOSITION MAKES CLEAR THAT FT. LAUDERDALE AND PUERTO RICO RETIREMENT HAVE NOT CARRIED THEIR HEAVY BURDEN TO AGGREGATE THEIR LOSSES**

**A.  Courts in This District Require Proposed Groups to Proffer Evidence That Aggregation Is Justified**

"***The majority of courts in this District***" require unrelated plaintiffs seeking to aggregate to come forward with proof showing that ***"the grouping would best serve the class***." *May v. Barclays PLC*, No. 23-cv-2583 (LJL), 2023 WL 5950689, at \*9 (S.D.N.Y. Sept. 13, 2023). "Groups with unrelated members ***must . . . provide evidence*** that they will function cohesively and thus best serve the class." *Armstrong*, 2024 WL 3784445 at \*3 (S.D.N.Y. Aug. 13, 2024).  Courts have considered factors including "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside

3

counsel, and not vice versa." *Varghese*, 589 F. Supp. 2d at 392. "***The proposed plaintiff group bears the burden of proving aggregation is appropriate***." *May*, 2023 WL 5950689, at *9; *see Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) ("A proposed plaintiff group has the burden of showing that aggregation is appropriate.").

To shirk their evidentiary burden, Ft. Lauderdale and Puerto Rico Retirement rely on two decisions that purportedly suggest that the Court need not scrutinize their proposed grouping. *See* Opp. at 5 (citing *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, No. 22 Civ. 6339 (JPC), 2023 WL 3750115, at *3 (S.D.N.Y. June 1, 2023); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 WL 281742, at *3 n.4 (S.D.N.Y. Jan. 19, 2017). Even if those decisions suggest that proposed lead plaintiff groups do not bear the burden of demonstrating that aggregation is appropriate under *Varghese* (which those courts applied),[2] they are outliers within this District. Indeed, in a decision earlier ***this week***, a court in this District confirmed that *Varghese* – which requires that a "proposed group must proffer an evidentiary showing" that aggregation is appropriate, 589 F. Supp. 2d at 392 – is the "majority" approach in this District. *See Baxter v. MongoDB*, No. 1:24-cv-5191-GHW, 2024 WL 4753605, at *3 n.3 (S.D.N.Y. Nov. 12, 2024).

"Courts in this District do not hesitate to deny a proposed group's motion for lead-plaintiff status if the movants have not provided a sufficient evidentiary basis for aggregation." *Tecku v. Yieldstreet,* No. 20 Civ. 7327 (VM), 2022 WL 3584942, at *3 (S.D.N.Y. Aug. 22, 2022); *see, e.g.*, *Baxter*, 2024 WL 4753605 at *3; *Armstrong*, 2024 WL 3784445, at *3; *May*, 2023 WL 5950689, at *9; *Siegel v. Bos. Beer Co.*, No. 21-CV-7693 (VSB), 2021 WL 5909133, at *6 (S.D.N.Y. Dec. 14, 2021) ("Desai-Aman Group's claims require more scrutiny, precisely because Desai-Aman

---

[2]    Moreover, although *Dentsply* and *Ferrellgas* purport to criticize *Varghese*, both of those decisions applied the *Varghese* factors to determine whether proposed lead plaintiff groups were appropriate. *See Dentsply*, 2023 WL 3750115, at *7; *Ferrellgas*, 2017 WL 281742, at *4.

Group is a group."); and *Varghese*, 589 F. Supp. 2d at 392 ("The majority of courts, including those in this District, . . . permit[] unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such a grouping would best serve the class.").

> As the court explained in *In re Tarragon Corp. Securities Litigation*:

> The issue is not whether losses or holdings may be aggregated by members of a group seeking to become the lead plaintiff; indisputably, they may. But to enjoy the rebuttable presumption that the statute confers, there must be some evidence that the members of the group will act collectively and separately from their lawyers.

No. 07 CIV 7972(PKC), 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007). As another court has noted, *Tarragon* "succinctly summarized the state of the law in this District." *In re Paysafe Ltd.*, No. 1:21-CV-10611-ER-KHP, 2022 WL 1471122, at *6 (S.D.N.Y. May 10, 2022), *adopted*, 2024 WL 1636415 (S.D.N.Y. Apr. 16, 2024). To permit otherwise "would allow and encourage lawyers to direct the litigation," which is at odds with the purpose of the PSLRA: "to prevent lawyer-driven litigation." *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997).

## B. The Opposition Confirms that Ft. Lauderdale and Puerto Rico Retirement Have Not Provided Sufficient Evidence to Justify Aggregation

The Opposition confirms that Ft. Lauderdale and Puerto Rico Retirement should not be permitted to aggregate their losses in this case. *See* Fulton Opp. at 5-18.[3]

***No Pre-Existing Relationship.*** The Opposition confirms that Ft. Lauderdale and Puerto Rico Retirement have no pre-existing relationship here, other than moving as lead plaintiff together in a purported group. *See* Opp. at 6. "[C]ourts have typically required that plaintiffs lacking a pre-

---

[3] Nor should Ft. Lauderdale and Puerto Rico Retirement be permitted to try and bolster the appropriateness of their grouping at the eleventh hour in their reply in support of their lead plaintiff motion, which is due the same day as this reply. Ft. Lauderdale and Puerto Rico Retirement have had ample opportunity through their opening brief in support of appointment and the Opposition to provide evidence that their aggregation is appropriate. They have not. The Court should not permit them to belatedly attempt to carry their burden on reply. *See Williams v. Block.One*, No. 20-cv-2809 (LAK), 2020 WL 4505569, at *3 n.20(S.D.N.Y. Aug. 4, 2020) (argument "raised for the first time" in reply brief in support of lead plaintiff motion was "waived"). Fulton County Retirement reserves the right to seek a sur-reply if Ft. Lauderdale and Puerto Rico Retirement include new evidence or arguments in their reply brief.

existing relationship present a more compelling showing as to their fitness for the position." *Block.One*, 2020 WL 4505569, at *3; *see Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *8 (S.D.N.Y. Mar. 13, 2018) (rejecting proposed lead plaintiff group, in part, because "[t]here is no evidence that the . . . Group had any prior relationship or engaged in any cooperative efforts, and their only commonality is that each member of the plaintiff group invested in [defendant's] stock during the Class Period.").

***No Active Involvement in the Litigation***.   The Opposition confirms that Ft. Lauderdale and Puerto Rico Retirement have had minimal involvement in this Action thus far, pointing only to cursory communications between the two.  *See* Opp. at 6.  That is insufficient.  "Vague discussions of general communication protocols and status reports hashed out over preliminary conference calls do little to show the groups' involvement in the litigation." *Kniffin v. Micron Tech.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019); *see Jakobsen v. Aphria*, No. 18 Civ. 11376 (GBD), 2019 WL 1522598, at *3 (S.D.N.Y. Mar. 27, 2019) (rejecting aggregation, in part, because movant group's joint declaration stated only that movants "agreed to file a joint motion for appointment as lead plaintiff" after "review[ing] a complaint" and "discuss[ing] the merits of the case and [their] losses with [their] counsel.").

Moreover, Puerto Rico Retirement's sworn certification in this Action omits two cases – ***filed this year*** – in which Puerto Rico Retirement sought appointment as lead plaintiff.  *See* Fulton Opp. at 9.  The Opposition does not acknowledge, let alone correct, this error.  *See*, *e.g.*, *Rodriguez v. DraftKings Inc.*, No. 21 Civ. 5739 (PAE), 2021 WL 5282006, at *9 (S.D.N.Y. Nov. 12, 2021) ("careless errors weigh heavily against . . . appointment as lead plaintiff."); *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) (certification that omitted prior action caused court to "doubt whether [lead plaintiff

6

movant] possesses the necessary adequacy and sophistication to be lead plaintiff"); *Karp v. Diebold Nixdorf*, No. 19 Civ. 6180(LAP), 2019 WL 5587148 at *6 (S.D.N.Y. Oct. 30, 2019) ("errors in [lead plaintiff movants'] submissions further militate against appointment and render [them] inadequate to serve as lead plaintiff.").

***No Concrete Plans for Cooperation***.  The Opposition concedes that Ft. Lauderdale and Puerto Rico Retirement have no concrete plans for jointly prosecuting this Action, including how to resolve any disputes that may arise between them about litigation strategy.  Indeed, the Opposition admits that Ft. Lauderdale and Puerto Rico Retirement have only discussed their "ability to work together and to collaboratively assume the role of lead plaintiff, and efforts to promote effective communication in the future."  Opp. at 6.  This is not sufficient.  *See Micron*, 379 F. Supp. 3d at 263, ("boilerplate plans for cooperation [are] conclusory assurances [and] do not satisfy this Court that [they] will be able to effectively manage this litigation"); *Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. 2011) ("conclusory assurances" in joint declaration such as discussing "protocols for managing the litigation" insufficient); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (proposed lead plaintiff group "failed to show that it would act with the cohesion necessary to prosecute the case effectively" where it had "no agreement in place regarding the resolution of disputes amongst themselves").

***Puerto Rico Retirement Cannot Function as a Sophisticated Institutional Plaintiff in this Action***.  The Opposition ignores that Puerto Rico Retirement cannot act as a sophisticated institutional Plaintiff in this Action.  *See* Fulton Opp. at 12-16.  Puerto Rico Retirement's fiscal state is dire, and it has been in the throes of financial turmoil for years.  *Id.*  Indeed, its very existence is threatened by a proposed pension reform plan, which it is actively litigating against.

*Id.* at 14-15. Yet the Opposition says nary a word about these tumultuous events, despite a court in this District having previously declined to appoint Puerto Rico Retirement as lead plaintiff on that very basis. In that case, the court rejected a two-member lead plaintiff group that included Puerto Rico Retirement because in the "Court's eyes, the UPR System's financial predicament undermines the presumption that the UPR/Detroit Movants are the most adequate plaintiff." *Diebold Nixdorf*, 2019 WL 5587148, at *5.[4] The reasoning of *Diebold Nixdorf* is just as apt today as when it was decided five years ago.

  ***The Proposed Grouping of Ft. Lauderdale and Puerto Rico Retirement Appears Driven by Their Respective Counsel***. The Opposition is "silent on whether" Ft. Lauderdale and Puerto Rico Retirement "chose counsel or vice versa." *Micron*, 379 F. Supp. 3d at 263. Rather, the Opposition attempts to skirt this issue by instead highlighting Ft. Lauderdale and Puerto Rico Retirement's prior lead plaintiff experience and their institutional investor status. *See* Opp. at 6. But "individual members' investing experience and sophistication merit little weight if," as here, "the group[] nevertheless appear[s] to be lawyer-created . . . in the hope of thereby becoming the biggest loser." *Micron*, 379 F. Supp. 3d at 263. In particular, the Opposition does not articulate any reason why the joint appointment of Ft. Lauderdale and Puerto Rico Retirement is preferable; their group seems to have been formed by their respective counsel, who are each seeking appointment as Co-Lead Counsel. Indeed, the Opposition does not explain why Ft. Lauderdale and Puerto Rico Retirement propose two different law firms to serve as Co-Lead Counsel. *See Rosian v. Magnum Hunter Res. Corp.*, No. 13 Civ. 2668(KBF), 2013 WL 5526323, at *3 (S.D.N.Y. Oct. 7, 2013) (proposal of "the appointment of two law firms as co-lead counsel to

---

[4] *See also Schaffer v. Horizon Pharma Plc*, No. 16-CV-1763 (JMF), 2016 WL 3566238, at *1 (S.D.N.Y. June 27, 2016) (rejecting Employees' Retirement System of the Puerto Rico Electric Power Authority ("ERS-PREPA") as lead plaintiff because of "the fiscal crisis in Puerto Rico and the high probability that ERS-PREPA would be embroiled, even if indirectly, in litigation of an all-consuming variety.").

represent [group] does not" support aggregation); *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943(DC), 2009 WL 579502, at *5 (S.D.N.Y. Mar. 6, 2009) (proposal of "two law firms to represent the putative class, with another firm to act as 'liaison counsel,' underscores" appearance of a "lawyer-driven arrangement.").

### III.    PUERTO RICO RETIREMENT GROUP IS INADEQUATE AND ITS MOTION FOR APPOINTMENT SHOULD BE DENIED ON THAT SEPARATE BASIS

Even if Ft. Lauderdale and Puerto Rico Retirement were an appropriate Lead Plaintiff group to allow aggregation (which they are not), the Opposition does not address any of the numerous reasons why Puerto Rico Retirement is *independently* inadequate as a Lead Plaintiff and thus could not properly be considered as part of any such group. "[T]he proof needed to rebut the [lead plaintiff] presumption" "is enough" if "it presents a colorable risk of inadequacy." *Diabat v. Credit Suisse Grp. AG*, No. 23 CIV. 5874 (CM), 2024 WL 4566372, at *4 (S.D.N.Y. Oct. 24, 2024). Overwhelming evidence strongly suggests that there is "potential" that Puerto Rico Retirement "will not fairly and adequately protect the interests of the class." *Id.* at *4. The Opposition does not discuss any of these issues, although they are obviously known by Puerto Rico Retirement (and presumably its counsel).

*Puerto Rico Retirement Cannot Effectively Oversee Counsel*. Puerto Rico Retirement failed to include two cases—both filed this year—in which it had moved for lead plaintiff in its certification here. *See* Fulton Opp. at 9. In one of those cases, Puerto Rico was *appointed* lead plaintiff and is represented by the same counsel as in this case. *See Porter v. Graftech Int'l Ltd.*, No. 1:24-cv-00154 (N.D. Ohio). Inexplicably, Puerto Rico Retirement failed to promptly explain or rectify the errors, even after they were brought to their attention by Fulton County Retirement's Opposition, which was filed on November 8, 2024. In addition, in a previous case, Puerto Rico Retirement filed two competing lead plaintiff motions represented by two different firms. *See*

9

Fulton Opp. at 16.  These repeated errors plainly evidence Puerto Rico Retirement's failure to effectively monitor itself, its counsel, or both.  Indeed, many courts in this District have rejected movants for similar errors because they "indicate to the Court a certain carelessness about detail that undermines the adequacy."  *Diebold Nixdorf*, 2019 WL 5587148, at *6; *see also DraftKings*, 2021 WL 5282006, at *9.  These errors "do[] affect something substantively, that is, [the lead plaintiff applicant's] ability to focus on th[e] litigation and provide oversight of counsel in an appropriate way as a representative of the class."  Tr. of Lead Pl. H'rg at 6, *In re: Longfin Corp., Sec. Litig.*, No. 1:18-cv-02933 (S.D.N.Y. June 25, 2018) (ECF No. 26-3).

***Puerto Rico Retirement Is Inadequate Because Its Potential Insolvency Will Jeopardize the Class***.  The Opposition ignores that Puerto Rico Retirement's institutional financial issues also undermine any presumption of adequacy.  It is currently embroiled in litigation with its employer over its "jeopardize[d] . . . solvency."  *See* Fulton Opp. (ECF No. 25) at 14-15.  Both its financial issues and the separate litigation are possible distractions here.  *See id.* at 12-16, 19-20.  Puerto Rico Retirement was rejected as a lead plaintiff for similar reasons in *Diebold Nixdorf*.  2019 WL 5587148, at *5.  The Opposition does not dispel the acute possibility that Puerto Rico Retirement's financial issues would needlessly complicate its prosecution of this Action for the Class.

## CONCLUSION

For all the foregoing reasons as well as those set forth in its opening and opposition motion papers, Fulton County Retirement is the presumptive lead plaintiff under the PSLRA and respectfully requests that the Court: (1) appoint Fulton County Retirement as Lead Plaintiff on behalf of the Class; (2) approve Fulton County Retirement's selection of counsel, Scott+Scott, as Lead Counsel; (3) deny the competing motion made by Ft. Lauderdale and Puerto Rico Retirement; and (4) grant such other and further relief as the Court may deem just and proper.

10

DATED:  November 15, 2024    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Matthew A. Peller
Rhiana L. Swartz
Nicholas S. Bruno
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
mpeller@scott-scott.com
rswartz@scott-scott.com
nbruno@scott-scott.com

*Counsel for Lead Plaintiff Movant Fulton County Employees' Retirement System and Proposed Lead Counsel for the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 <u>/s/  *Thomas L. Laughlin, IV*</u>
Thomas L. Laughlin, IV
